1    MORGAN, LEWIS & BOCKIUS LLP
     John S. Battenfeld, Bar No. 119513
2    john.battenfeld@morganlewis.com
     Brian D. Fahy, Bar No. 266750
3    brian.fahy@morganlewis.com
     300 South Grand Avenue
4    Twenty-Second Floor
     Los Angeles, CA  90071-3132
5    Tel:    +1.213.612.2500
     Fax:   +1.213.612.2501
6
     MORGAN, LEWIS & BOCKIUS LLP
7    Linda Z. Shen, Bar No. 294039
     linda.shen@morganlewis.com
8    2049 Century Park East, Suite 700
     Los Angeles, California 90067-3109
9    Tel:   +1.310.907.1000
     Fax:   +1.310.907.1001
10
     MORGAN, LEWIS & BOCKIUS LLP
11   Amy A. McGeever, Bar No. 296758
     amy.mcgeever@morganlewis.com
12   One Market, Spear Street Tower
     San Francisco, CA  94105-1596
13   Tel:   +1.415.442.1000
     Fax:   +1.415.442.1001
14
     Attorneys for Defendants AMAZON.COM, INC.
15   |and AMAZON LOGISTICS, INC.

16                        UNITED STATES DISTRICT COURT

17                      NORTHERN DISTRICT OF CALIFORNIA

18

19   SEAN M. HOYT, Jr.,                      Case No. 3:19-cv-00218

20                Plaintiff,                 **DEFENDANTS' NOTICE OF MOTION
                                             AND MEMORANDUM OF POINTS AND
21        vs.                                AUTHORITIES IN SUPPORT OF MOTION
                                             TO DISMISS, STAY OR TRANSFER THIS
22   AMAZON.COM, INC.; AMAZON                ACTION**
     LOGISTICS, INC.,
23                                           [*Request for Judicial Notice and Proposed
                                             Order filed concurrently herewith*]
24
                                             Date:        March 28, 2019
25                                           Time:        9:00 a.m.
                                             Crtrm:       F, 15th Floor
26                                           Judge:       Hon. Jacqueline Scott Corley

27   _____            Trial Date:   N/A
                                             Date Action Filed:   November 7, 2018
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1   **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT**

2   **OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

3   PLEASE TAKE NOTICE that on March 28, 2018 at 9:00 a.m. pursuant to Local Rule 83-

4   1.3.1, (or as soon thereafter as the matter may be heard in Courtroom F, 15th Floor of the above-

5   entitled Court), Defendants AMAZON.COM, INC. and AMAZON LOGISTICS, INC.

6   (collectively, "Defendants" or "Amazon") will move the Court for an order, pursuant to the first-

7   to-file rule or 28 U.S.C. §1404(a), dismissing or staying this action in favor of nine earlier-filed

8   similar actions – including the first-filed *Bernadean Rittmann, Freddie Carroll, Julia Wehmeyer,*

9   *and Raef Lawson, individually and on behalf of all others similarly situated v. Amazon.Com, Inc.,*

10  *and Amazon Logistics, Inc.*, Western District of Washington, Case No. 2:16-cv-01554

11  ("*Rittmann*") and the consolidated case *Iain Mack v. Amazon.com Inc. and Amazon Logistics,*

12  *Inc.*, Western District of Washington, Case No. 2:17-cv-01554 – or transferring this action to the

13  Western District of Washington where *Rittmann* is pending.  Dismissal, stay or transfer in light of

14  *Rittmann* is appropriate because *Rittmann* is the first-filed Amazon delivery partner

15  misclassification case, involves all or a material part of the subject matter of the instant action,

16  alleges the same underlying theory of liability, seeks substantially similar relief, and involves the

17  same parties – California delivery partners and Amazon.

18  This motion is made pursuant to the first-to-file rule of federal comity.  *See Pacesetter*

19  *Sys, Inc. v. Medtronic, Inc*., 678 F.2d 93, 94-95 (9th Cir. 1982); *Cedars-Sinai Med. Ctr. v.*

20  *Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).  Where, as here, an action is brought and there is

21  another earlier filed case (or here, nine earlier filed cases) alleging the same or similar

22  misclassification-related claims on behalf of the same or a similar group of putative aggrieved

23  employees (Amazon delivery partners) against the same defendant (Amazon), principles of

24  federal judicial comity compel dismissal, stay or transfer.  *Id.*

25  Under Federal Rule of Civil Procedure 12(b)(6) and 12(f), the Court should also dismiss

26  and/or strike Plaintiff's PAGA claim for waiting time penalties pursuant to Labor Code section

27  203 because these are statutory penalties, and PAGA only authorizes the recovery of civil

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1    penalties.  *See Cal. Lab. Code* § 2699(a); *Esparza v. KS Indus., LP*, 13 Cal. App. 5th 1228, 1242

2    (2017).

3        This motion is made following the disclosure to opposing counsel of the substance of this

4    motion, which took place on February 14, 2019.  The foregoing motion is based on this Notice of

5    Motion, the accompanying Memorandum of Points and Authorities and the Request for Judicial

6    Notice filed concurrently herewith, all pleadings and motions on file in this action, and on such

7    further written or oral argument as may be permitted by this Court.

8

9    Dated:  February 20, 2019                    MORGAN, LEWIS & BOCKIUS LLP

10

11                                   By   */s/ John S. Battenfeld*
                                          John S. Battenfeld

12                                        Brian D. Fahy
                                          Linda Z. Shen

13                                        Amy A. McGeever

14                                        Attorneys for Defendants
                                          AMAZON.COM, INC. and

15                                        AMAZON LOGISTICS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ......................................................................................... 1

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND................................ 2

    A.  The Amazon Flex Program ...................................................... 2

    B.  Amazon Flex Independent Contractor Terms of Service........................ 2

    C.  Other Previously-Filed Pending Delivery Partner Cases ....................... 2

        1.  *Rittmann et al.* – Western District of Washington – Consolidated with *Lawson/Mack* .................................................. 2

        2.  *Knipe v. Amazon* – Southern District of California................................. 4

        3.  *Keller v. Amazon* - Northern District of California................................. 4

        4.  *Clinton v. Amazon* – Orange County Superior Court............................ 5

        5.  *Luckett et al. v. Amazon* – Alameda County Superior Court ................. 5

        6.  *Ponce v. Amazon* – Northern District of California .............................. 6

        7.  *Romero v. Amazon* – Orange County Superior Court ........................... 6

        8.  *Ronquillo v. Amazon* – Central District of California ........................... 7

        9.  Plaintiff's Action ................................................................. 7

III.  ARGUMENT ............................................................................................. 8

    A.  Under the First-to-File Rule, This Action Should Be Dismissed, Stayed or Transferred to the *Rittmann* Court ................................ 8

    B.  Transfer Is Also Appropriate Pursuant to 28 U.S.C. § 1404(a) ........................... 12

    C.  This Action Should Be Dismissed in Light of *Knipe*, *Keller* and *Ronquillo* ........ 14

    D.  The Court Should Dismiss and/or Strike Plaintiff's PAGA Claim for Section 203 Statutory Penalties.............................................. 15

IV.  CONCLUSION............................................................................................. 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DB2/ 35921471

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adoma v. Univ. of Phoenix, Inc.*,
    711 F. Supp. 2d 1142 (E.D. Cal. 2010)..................................................................10

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991)................................................................8, 10, 11

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
    2006 WL 4568798 (C.D. Cal. Nov. 30, 2006)..........................................................13

*Cadenasso v. Metro. Life Ins. Co.*,
    2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) .........................................................13

*Carrera v. First Am. Home Buyers Prot. Co.*,
    2009 WL 10674763 (C.D. Cal. Nov. 30, 2009).................................................12, 14

*Centocor, Inc. v. MedImmune, Inc.*,
    No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109 (N.D. Cal. Oct. 22, 2002).....................8

*Church of Scientology v. United States Dep't. of Army*,
    611 F.2d 738 (9th Cir. 1980)....................................................................8

*Continental Grain Co. v. The FBL-585*,
    364 U.S. 19 (1960)..........................................................................12, 13

*Glob. Music Rights, LLC v. Radio Music License Comm., Inc.*,
    2017 WL 3449606 (C.D. Cal. Apr. 7, 2017) .........................................................11

*Gustavson v. Mars, Inc.*,
    2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ........................................................10

*Hilton v. Apple Inc.*,
    No. C-13-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013)...........................................8

*Inherent.com v. Martindale-Hubbell*,
    420 F. Supp. 2d 1093 (N.D. Cal. 2006) ........................................................8, 10, 14

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
    544 F. Supp. 2d 949 (N.D. Cal. 2008) ............................................................8, 11

*Jolly v. Purdue Pharma L.P.*,
    2005 WL 2439197 (S.D. Cal. Sept. 28, 2005) .....................................................12

*Jones v. Spherion Staffing LLC*,
    2012 WL 3264081 (C.D. Cal. Aug. 7, 2012).........................................................9

*Keller v. Amazon*,
    N.D. Cal., Case No. 3:17-cv-02219 ........................................................1, 4, 6, 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

ii

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

*King-Scott v. Univ. Med. Pharm. Corp.*,
    2010 WL 1815431 (S.D. Cal. May 6, 2010) .......................................................................12, 13

*Knipe v. Amazon*,
    S.D. Cal., Case No. 17-cv-1889 ............................................................................... passim

*Minor v. Sotheby's Inc.*,
    2009 WL 55589 (N.D. Cal. Jan. 7, 2009) .........................................................................11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982).....................................................................................8, 14

*PETA, Inc. v. Beyond the Frame, Ltd.*,
    2011 WL 686158 (C.D. Cal. Feb. 16, 2011).................................................................8, 14

*Ponce v. Amazon*,
    N.D. Cal., Case No. 3:19-cv-00288 ...........................................................................1, 6, 7

*Rittmann et al., v. Amazon*,
    W.D. Wash., Case No. 2:16-cv-01554 ....................................................................... passim

*Ronquillo v. Amazon.com, Inc.*,
    C.D. Cal., Case No. 2:19-cv-00207-AB.......................................................................1, 7, 14

*Schwartz v. Frito-Lay N. Am.*,
    2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ...................................................................14

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).................................................................................................12

*Wentz v. Taco Bell Corp.*,
    2012 WL 6021367 (E.D. Cal. Dec. 4, 2012)..................................................................9, 11

STATE CASES

*Esparza v. KS Indus., LP*,
    13 Cal. App. 5th 1228, 1242 (2017) ...............................................................................15

*Iskanian v. CLS Transp. L.A., LLC*,
    59 Cal. 4th 348 (2014) ................................................................................................15

FEDERAL STATUTES

28 U.S.C. § 1404(a) ...............................................................................................12, 13

Federal Rule of Civil Procedure 12(b)(6) .............................................................................4, 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

STATE STATUTES

California Labor Code

§ 201 .................................................................................................................5
§ 202 .................................................................................................................5
§ 203 ............................................................................................................5, 15
§ 204 .................................................................................................................5
§ 226(a) ............................................................................................................5
§ 226.3 ..............................................................................................................5
§ 226.7 ..............................................................................................................5
§ 226.8 ..............................................................................................................5
§ 432.5 ............................................................................................................14
§ 512 .................................................................................................................5
§ 558 .................................................................................................................5
§ 1174(d) ..........................................................................................................3
§ 1194 ...............................................................................................................5
§ 1194.2 ............................................................................................................5
§ 1197.1(a) .......................................................................................................5
§ 2699(a) ....................................................................................................5, 15
§ 2699(f) ...........................................................................................................5
§ 2802 ...............................................................................................................5

OTHER AUTHORITIES

*Dirk Clinton v. Amazon.com, Inc., et al.*,
    Orange County Superior Court, Case No. 30-2017-00938102-CU-0E-CXC ................1, 5, 6, 7

*Iskanian v. CLS Transp. Los Angeles, LLC*,
    No. BC356521 (Sup. Ct. L.A. Cnty. Nov. 25, 2016) ..........................................11, 15

*Lawson/Mack*, No. 16-01554 ........................................................................2, 3

*Luckett et al., v. Amazon*,
    Alameda County Superior Court, Case No. RG18923557 ...............................1, 5, 6, 7

*New Prime Inc. v. Oliveira*,
    2019 WL 189342 (2019) ...........................................................................3

*Romero et al. v. Amazon*,
    Orange County Superior Court, Case No. 30-2018-01031789-CU-OE-CXC ..................1, 6, 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

iv

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

## I.   **INTRODUCTION**

Defendants Amazon.com, Inc.[1] and Amazon Logistics, Inc. (collectively, "Defendants" or "Amazon") move to dismiss, stay or transfer this duplicative PAGA lawsuit of Plaintiff Sean Hoyt ("Plaintiff"). Plaintiff's action should be dismissed, stayed or transferred because Plaintiff is an alleged "aggrieved employee" and/or putative class member in no fewer than *nine earlier-filed actions* – the first of which was filed in federal court over two years before Plaintiff's tag-along lawsuit, and all of which assert the identical theory that California-based Amazon Flex Delivery Partners were misclassified as independent contractors.

In particular, six federal court cases,[2] all filed before this action, allege the identical misclassification theory on behalf of California-based Amazon Flex Delivery Partners and related Labor Code claims. Additionally, three California state court actions,[3] also filed before Plaintiff's action, likewise assert the identical misclassification theory and related Labor Code claims. Further, seven of these nine pending cases include PAGA claims, brought on behalf of the same putative aggrieved employees that include the Plaintiff here: *Rittmann, Knipe, Clinton, Luckett, Ponce, Romero,* and *Ronquillo.*[4]

Under well-established principles, including the first-to-file rule, this action should be dismissed, stayed or transferred in light of the pending cases. Doing so will avoid unnecessary expenditure of judicial and party resources — without prejudice to the interests of any party — and will further eliminate the risk of conflicting rulings. Any transfer should be to the Western District of Washington, where the first-filed putative class and PAGA action (*Rittmann*) is

---

[1] Amazon.com, Inc. is an erroneously named Defendant. Plaintiff contracted with Amazon Logistics, Inc. to work as a Delivery Partner in the Amazon Flex program.

[2] *Rittmann et al., v. Amazon*, W.D. Wash., Case No. 2:16-cv-01554 and the consolidated case *Mack v. Amazon*, W.D. Wash., Case No. 2:16-cv-01554; *Keller v. Amazon*, N.D. Cal., Case No. 3:17-cv-02219; *Knipe v. Amazon*, S.D. Cal., Case No. 17-cv-1889; *Ponce v. Amazon*, N.D. Cal., Case No. 3:19-cv-00288; and *Ronquillo v. Amazon.com, Inc.*, C.D. Cal., Case No. 2:19-cv-00207-AB.

[3] *Dirk Clinton v. Amazon.com, Inc., et al.*, Orange County Superior Court, Case No. 30-2017-00938102-CU-0E-CXC; *Luckett et al., v. Amazon*, Alameda County Superior Court, Case No. RG18923557; and *Romero et al. v. Amazon*, Orange County Superior Court, Case No. 30-2018-01031789-CU-OE-CXC.

[4] The plaintiff in *Ronquillo* intends to file a First Amended Complaint containing a PAGA claim on or before February 22, 2019. *See Ronquillo*, Dkt. #15.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

1

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1   pending.  Additionally, if the Court does not transfer the action, it should dismiss and/or strike,

2   with prejudice, Plaintiff's improper waiting time penalties claim under PAGA because these

3   statutory penalties cannot be recovered under PAGA.

4   **II.**     **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

5          **A.**     **The Amazon Flex Program.**

6          Many products purchased through Amazon are delivered by third-party delivery

7   providers, including FedEx, UPS, and the U.S. Postal Service.  Amazon also contracts with

8   individual independent contractors like Plaintiff who are crowdsourced through a smartphone-

9   application-based program known as Amazon Flex.  Delivery partners like Plaintiff sign up to

10  participate in the Amazon Flex program and then use their personal transportation to make

11  deliveries.  Plaintiff worked as a Delivery Partner until June of 2018.  *See* Complaint, ¶ 1, 26.

12         **B.**     **Amazon Flex Independent Contractor Terms of Service.**

13         To sign up for Amazon Flex, individuals must download the Amazon Flex app on their

14  smartphone and accept the Independent Contractor Terms of Service ("TOS").  Plaintiff's

15  Complaint acknowledges that downloading and using the Amazon Flex app on his phone was

16  necessary in order to begin making deliveries under the Flex program.  *See* Complaint, ¶¶ 12, 13,

17  14, 23.  The Amazon Flex app presents prospective Delivery Partners with the TOS on-screen.

18  *See* Declaration of K. Bowers in Support of Motion to Dismiss, *Lawson/Mack*, Case No. 17-cv-

19  02515-AB-RAO, Dkt. # 20-2, ¶¶ 5-11, Amazon's Request for Judicial Notice ("RJN"), Ex. B.

20  The TOS is also accessible to Delivery Partners in the Account/View Legal Information section

21  of the Amazon Flex app.  *Id.*, ¶ 8.  Here, Plaintiff's delivery of packages under the Flex program

22  confirms his agreement to the Flex TOS.  *See* Complaint, ¶¶ 1, 6, 27, 28.

23         **C.**     **Other Previously-Filed Pending Delivery Partner Cases.**

24              **1.**     ***Rittmann et al.* – Western District of Washington – Consolidated with**
                           ***Lawson/Mack***

25

26         Filed on October 4, 2016, *Rittmann* is now a consolidated collective, putative class and

27  PAGA action pending in the Western District of Washington ("*Rittmann*").  Filed more than two

28  years before this action and brought against the same Defendants, *Rittman* alleges, as here, that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

2

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1  Amazon Delivery Partners were misclassified as independent contractors, and asserts class and

2  PAGA representative action claims based on alleged violations of the California Labor Code, as

3  well as FLSA collective action claims (and Washington law claims). *Rittmann* was originally

4  filed as a class and collective action. *See Rittmann*, No. 16-01554 (W.D. Wash.), Dkt. #1

5  ("Rittmann Compl.") ¶¶ 2-5, 14; RJN Ex. A.[5]  On March 31, 2017, Lawson, who is also a

6  plaintiff in *Rittmann*, filed a PAGA claim against Defendants Amazon.com, Inc. and Amazon

7  Logistics, Inc. in the Central District of California. *See Lawson/Mack*, No. 16-01554 (W.D.

8  Wash.), Dkt. #1 ("Lawson Compl.") ¶¶ 2-5; RJN, Ex. D.  This PAGA claim, also seeking to

9  represent California Delivery Partners, asserts claims for "[alleged] failure to reimburse delivery

10  drivers for all necessary business expenses," and for failure to provide accurate, itemized wage

11  statements. *See id*. at ¶¶ 2, 14.  It further seeks additional penalties under Labor Code § 1174(d),

12  "for failure to maintain 'payroll records showing the hours worked daily by and the wages paid

13  to. . . employees employed' in California." *Id.* at ¶ 14.  On July 26, 2017, the Lawson complaint

14  was amended to substitute a new plaintiff, Iain Mack, as the named plaintiff and withdraw

15  Lawson from the action. *See Lawson/Mack* Dkt. #19 (the "Am. Compl."); *see also* Dkt. #15;

16  RJN, Ex. E.

17       On September 19, 2017, the district court granted Amazon's motion to transfer the case to

18  the Western District of Washington based on the first-filed rule. *See Lawson/Mack*, Dkt. # 25;

19  RJN, Ex. F.  After *Lawson/Mack* was transferred, the parties stipulated to consolidate

20  Lawson/Mack with *Rittmann* and the Court ordered consolidation on November 14, 2017.  *See*

21  *Rittmann*, Dkt. # 87; RJN, Ex. G.  The California class, PAGA, and FLSA collective action

22  claims for minimum wage, overtime, business expenses, and penalties seek to cover all California

23  Delivery Partners, including Plaintiff.  The case was stayed pending the United States Supreme

24  Court's decision in *New Prime Inc. v. Oliveira,* 2019 WL 189342 (2019), but since that decision

25  was issued, the parties have agreed to partially lift the stay for the purpose of briefing the impact

26  of *New Prime* on Amazon's pending motion to compel arbitration.  *See* Dkt. # 101; RJN, Ex. T.

---

27  [5] On April 20, 2017, the plaintiffs filed a Second Amended Complaint, pursuant to which they

28  also seek "injunctive relief directing Amazon to comply with…California state law." *See id.*, Dkt.
   # 83 (emph. added); RJN, Ex. C.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

3

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1

### 2.   *Knipe v. Amazon* – Southern District of California

On August 9, 2017, Persis Knipe filed a putative class action complaint in San Diego County Superior Court against Defendants, Case No. 37-2017- 00029426-CU-OE-CTL; RJN, Ex. H, alleging misclassification of Delivery Partners and claims for unfair competition, failure to pay minimum and overtime wages, inaccurate wage statements, and failure to reimburse business expenses.  Amazon removed the action to the Southern District of California, where it was assigned Case No. 3:17-cv-01889 WHQJMA.  On October 6, 2017, the court granted the parties' stipulation and joint motion to stay the case pending the Supreme Court's decision in *Ernst & Young LLP v. Morris*.  *See* Dkt. # 8; RJN, Ex. I.[6] On October 17, 2017, the *Knipe* plaintiff filed a first amended complaint ("FAC"), adding a sixth cause of action for violation of PAGA. *See* Dkt. # 9; RJN, Ex. J. As such, the operative complaint in *Knipe* seeks to bring misclassification-based class and PAGA claims on behalf of California Delivery Partners, including Plaintiff.  The case remains stayed pending further order from the court.

### 3.   *Keller v. Amazon* - Northern District of California

On March 13, 2017, Delivery Partners Kimberlee Keller and Tommy Garadis filed a putative class action complaint in San Francisco County Superior Court against Defendants, Case No. CGC-17-557507; RJN, Ex. K, also asserting that California Delivery Partners were improperly classified and alleging claims for failure to pay all wages due, failure to pay overtime and minimum wages, failure to provide meal and rest periods, waiting time penalties, failure to reimburse for necessary business expenses, and willful misclassification.  Amazon removed the action to the Northern District of California, where it was assigned Case No. 4:17-cv-02219-DMR.  Amazon then filed motions to (1) compel individual arbitration of the plaintiff's claims or stay the case pending the Supreme Court's decision in *Morris*, *Epic Systems Corp*., and *Murphy Oil*, and (2) transfer the action under the first-filed rule or dismiss certain claims under Rule 12(b)(6).  On August 21, 2017, the court ordered the case stayed pending the Supreme Court's decision.  *See Keller* Dkt. #35; RJN, Ex. L.

---

[6] Amazon intends to move, among other things, for a transfer to the Western District of Washington after the stay is lifted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

4

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

On December 6, 2018, the parties filed a stipulation to maintain the stay in light of ongoing litigation at the Supreme Court and Ninth Circuit related to the aforementioned motions, which the court granted on December 7, 2018.  *See* Dkt. # 53, RJN, Ex. M.

**4.**   *Clinton v. Amazon* **– Orange County Superior Court**

On August 16, 2017, Dirk Clinton filed a UCL and putative PAGA action against Defendants in Orange County Superior Court, Case No. 30-2017-00938102, alleging that California-based Amazon Flex Delivery Partners were misclassified as independent contractors and seeking PAGA penalties.  *See Clinton* Complaint; RJN, Ex. N.  On April 3, 2018, Amazon filed a motion to stay or dismiss in light of *Rittmann, et al.* and other previously filed actions.  On October 18, 2018, the *Clinton* court continued Amazon's motion to February 28, 2019, effectively staying the case pending developments in the previously filed actions.  *See Clinton* Minute Order; RJN, Ex. O.  On February 4, 2019, the Court continued the hearing on Amazon's motion to March 28, 2019.  *See Clinton* Minute Order; RJN, Ex. P.

**5.**   *Luckett et al. v. Amazon* **– Alameda County Superior Court**

On October 19, 2018, Linda Luckett and Renee Jordan filed a complaint in Alameda County Superior Court against Defendants and Amazon.com, LLC, alleging the same misclassification theory as all of the above cases and claiming PAGA violations based on California Labor Code §§ 226(a), 201, 202, and 203, 226.8, 2802, 204, 1194, 1194.2, 226.7, and 512.  *See Luckett* Complaint; RJN, Ex. Q.  Plaintiffs' Prayer requests "statutory and civil penalties pursuant to Labor Code §§ 226.3, 226.8, 558, 1197.1(a), 2699(a) and (f)" as well as "other such relief as the court deems just and proper."  *See id.*  Like the previously filed actions, the *Luckett* plaintiffs seek to maintain a putative PAGA action on behalf of California-based Delivery Partners.  *Id.*  On December 11, 2018, Amazon filed a motion to compel arbitration of Plaintiff's arbitrable claims for unpaid wages, and to stay the representative PAGA claim, or alternatively to stay or dismiss the action in light of all the previously-filed same or similar actions.  On January 31, 2019, the *Luckett* court continued the hearing on Amazon's motion to April 5, 2019.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

5

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

### 6.    *Ponce v. Amazon* – **Northern District of California**

On November 1, 2018, Delivery Partner Adriana Ponce filed a putative class action complaint against Amazon Logistics, Inc., Amazon.com Services, Inc.[7] and others in Marin County Superior Court, Case No. CIV1803937; RJN, Ex. R, also asserting that California Delivery Partners were improperly classified as independent contractors and alleging claims for failure to reimburse for necessary business expenses, failure to pay minimum wage, failure to provide meal and rest periods, failure to pay overtime, failure to furnish accurate wage statements, failure to pay wages when due and waiting time penalties, and violation of the unfair competition law.  On December 4, 2018, Ponce amended her complaint to add a separate claim for violation of PAGA.  *See* Dkt. # 1-2; RJN. Ex. S.  Amazon removed the action to the Northern District of California, where it was assigned Case No. 3:17-cv-00288.  Amazon filed an administrative motion under the Local Rules to have this case related to the *Keller* matter, which the court in *Keller* granted on February 12, 2019.  *See* Dkt. # 20; RJN, Ex. U.

### 7.    *Romero v. Amazon* – **Orange County Superior Court**

On November 7, 2018, Jennifer Romero filed a complaint in Orange County Superior Court against Amazon Logistics, Inc. and Amazon.com Services, Inc. asserting the same misclassification theory as all the above cases and seeking to recover penalties under PAGA.  The lawsuit alleged that defendants (1) failed to pay all earned overtime; (2) failed to pay minimum wages for all hours worked; (3) failed to provide meal periods; (4) failed to provide rest periods; (5) failed to reimburse business expenses; (6) failed to provide wage statements; (7) failed to pay all final wages; (8) failed to pay wages at least twice per month; and (9) failed to maintain accurate records.  Like the first-filed *Rittmann – Lawson/Mack*, *Knipe, Clinton, Luckett,* and *Ponce* actions, Romero seeks to maintain a putative PAGA action on behalf of the same group of alleged aggrieved persons – California-based Delivery Partners – for the same or similar alleged violations of the Labor Code.  *See Romero* Complaint; RJN, Ex. V.  On February 11, 2019, Amazon filed a motion to stay or dismiss the action on the basis that it was duplicative of the seven previously-filed pending cases.  *See* RJN, Ex. W.

---

[7] Amazon.com Services, Inc. is a subsidiary of Defendant Amazon.com, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

6

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

8.     *Ronquillo v. Amazon* – **Central District of California**

On November 15, 2018, former California Delivery Partner Louie Ronquillo filed a putative class action lawsuit against Amazon.com, Inc. in Los Angeles County Superior Court, Case No. 18STCV05155, alleging the following claims: (1) misclassification; (2) failure to provide rest breaks; (3) failure to provide meal breaks; (4) failure to pay minimum and overtime wages; (5) failure to pay all wages due to quitting and terminated employees, including waiting-time penalties; (6) failure to pay all wage due; (7) failure to reimburse employment related expenses; (8) failure to provide sick leave; (9) failure to provide split-shift premiums; (10) failure to provide accurate pay statements; and (11) unlawful business practices. *See* Complaint, ¶¶ 16-58; RJN, Ex. X.  On January 9, 2019, Amazon removed the action to the Central District of California, where it was assigned Case No. 2:19-cv-00207.  *See* Dkt. # 1, RJN, Ex. Y.  On February 14, 2019, the parties filed a stipulation to permit Plaintiff to file a First Amended Complaint adding a PAGA claim and set Amazon's deadline to respond to the complaint to 21 days following plaintiff's filing of the First Amended Complaint.  *See* Dkt. # 15, RJN, Ex. Z.

9.     **Plaintiff's Action**

On January 11, 2019, Plaintiff filed this action alleging the same misclassification theory as all the above cases and seeking to recover penalties under PAGA for alleged Labor Code violations based on alleged (1) intentional misclassification; (2) overtime violations; (3) failure to reimburse necessary business expenses; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to provide itemized wage statements; and (7) failure to timely pay all final wages.  Complaint, ¶ 32.  Plaintiff additionally seeks a PAGA penalty for allegedly requiring putative aggrieved employees to agree to contract terms that Amazon knows or should know are unlawful. *Id.*  Again, as with the first-filed *Rittmann – Lawson/Mack*, *Knipe, Clinton, Luckett, Ponce*, *Romero*, and *Ronquillo* actions, Plaintiff seeks to maintain a putative PAGA action on behalf California-based Delivery Partners for the same or similar alleged violations of the Labor Code.  Indeed, the only alleged violation here that is not covered by at least one of the other previously-filed actions is for "Illegal Contract Terms."  However, because such a claim can only be brought by an employee, it is tied to Plaintiff's misclassification theory.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

7

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

III.   **ARGUMENT**

A.   **Under the First-to-File Rule, This Action Should Be Dismissed, Stayed or Transferred to the *Rittmann* Court.**

The first-to-file rule is a principle of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Under this rule, a district court has the authority to dismiss, transfer or stay "an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Transfer is proper where, as here, "the court of first filing provides adequate remedies." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (citing *Alltrade,* 946 F.2d at 627-28).

Exercising this authority does "not require identical issues or parties so long as the actions involve closely related questions or common subject matter." *Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109, *11 (N.D. Cal. Oct. 22, 2002); *see also Hilton v. Apple Inc.*, No. C-13-2167, 2013 WL 5487317, at *11 (N.D. Cal. Oct. 1, 2013); *PETA, Inc. v. Beyond the Frame, Ltd.*, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011). This is particularly true where, as here, dismissal, stay or transfer will "promote efficiency and [] avoid duplicative litigation," *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (holding first-filed doctrine applied where resolution of later-filed claims in California would "be intimately intertwined with the factual and legal considerations" underlying related, but not identical, claims pending in New Jersey). *See also Intersearch Worldwide,* 544 F. Supp. 2d at 959 n.6, 963 (dismissing action under first-to-file rule where later-filed claims also would be resolved by "underlying facts . . . front and center" in the first-filed action: "[E]xact identity is not required to satisfy the first-to-file rule.") (citations omitted). "Comity works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers." *Church of Scientology v. United States Dep't. of Army*, 611 F.2d 738, 750 (9th Cir. 1980) (internal citations omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

8

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1    Here, the requirements of the first-to-file rule are met, as Judge Birotte of the Central

2    District of California previously found in transferring the *Mack* PAGA action to the Western

3    District of Washington.  Since Judge Birotte's decision, the basis for dismissal or stay is even

4    stronger given all the other now-pending misclassification actions.  The basis for a transfer to the

5    Western District is also now stronger because a PAGA action is now part of the claims in

6    *Rittmann*, the first-filed misclassification action.  The issues and parties are substantially similar

7    in both actions so as to warrant application of the first-to-file rule.  *Rittmann* has California class

8    and PAGA claims, the putative FLSA collective action also seeks to include California Delivery

9    Partners in an overtime claim, and the claims are fundamentally premised on the theory that

10   Delivery Partners were misclassified as independent contractors.

11   As noted by Judge Birotte in his order transferring *Mack* to the Western District of

12   Washington (where *Rittmann* is pending), the threshold issue was the same in both cases: "Both

13   cases will require the court to determine whether Amazon misclassified delivery drivers as

14   independent contractors…." *See* 17-cv-02515-AB-RAO, Dkt. # 25, RJN, Ex. F.  Likewise, here

15   the underlying issue of alleged misclassification of Delivery Partners is the same as in the

16   consolidated *Rittmann* action.  Also as in *Rittmann*, Plaintiff alleges similar underlying violations

17   of failure to pay overtime wages, failure to provide itemized wage statements, and failure to

18   reimburse necessary business expenses.

19   Even if *Rittmann* did not include a PAGA claim that seeks to represent Hoyt (which it

20   does), the underlying Labor Code violations pled as class claims in *Rittmann* – on behalf of a

21   putative class that includes *Hoyt* – are part of the basis for Plaintiff's PAGA claim.  Thus any

22   rulings on these claims by the *Rittmann* court may impact Plaintiff's PAGA claim.  *See, e.g.*,

23   *Wentz v. Taco Bell Corp.*, 2012 WL 6021367, at *5 (E.D. Cal. Dec. 4, 2012) (dismissing PAGA

24   claim because plaintiff failed to assert valid, underlying California Labor Code claims: "The

25   PAGA claim derives from California Labor Code claims.  Without them, there is no substantive

26   basis to assert a PAGA claim."); *Jones v. Spherion Staffing LLC*, 2012 WL 3264081, at *10 (C.D.

27   Cal. Aug. 7, 2012) (dismissing PAGA claims where plaintiffs failed to state a claim with respect

28   to underlying California Labor Code violations).  There is no good reason for this Court to have

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

9

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1  to duplicate the work of its sister court in Washington, much less other courts where previously-

2  filed similar actions are pending, or to create a risk of inconsistent rulings, especially given that

3  Judge Coughenour is already familiar with the issues and already has a PAGA claim pending

4  before him that that overlaps with Plaintiff's claim.

5       Furthermore, as was the case in the actions before Judge Birotte, the parties here are also

6  substantially similar: the defendants are exactly the same, and Plaintiff is a member of the

7  putative class in *Rittmann* and the putative PAGA group of allegedly aggrieved employees in the

8  *Mack* case that was already transferred and consolidated with *Rittmann*.  There is also significant

9  similarity among the parties in the other pending putative class/PAGA actions.  In the context of a

10  class action, "the classes, and not the class representatives, are compared," *Adoma v. Univ. of*

11  *Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010), and the same reasoning should apply

12  to a representative action with respect to the putative aggrieved employees, as is the case here, as

13  Judge Birotte found when he ordered his PAGA case in *Mack* transferred to the *Rittmann* court.

14       The overlap in claims, parties, and evidence would mean that multiple federal courts and

15  defendants would be forced to litigate the same case absent a dismissal, stay or transfer.

16  Avoiding this scenario is the very reason courts enforce the first-to-file rule.  *See, e.g.*,

17  *Inherent.com*, 420 F. Supp. 2d at 1097 (purpose of the first-to-file rule is to "promote efficiency

18  and to avoid duplicative litigation").  The equities therefore favor dismissal, stay or transfer.  As

19  Judge Birotte held in his order transferring *Mack*, "[b]ecause both claims involve the

20  determination of whether violations occurred under the California Labor Code for the same set of

21  individuals, conflicting judgments are a distinct possibility." *See* 17-cv-02515-AB-RAO, Dkt. #

22  25, RJN, Ex. F. The same is true here.  Accordingly, as dictated by the first-to-file rule, the Court

23  should dismiss or stay this action, or transfer the action to the Western District of Washington.

24  *Alltrade*, 946 F.2d at 628.

25       Given all the previously-filed actions, the case can also be dismissed or stayed under the

26  first-to-file rule.  "A district court has the inherent power to stay its proceedings. This power to

27  stay is incidental to the power inherent in every court to control the disposition of the causes on

28  its docket with economy of time and effort for itself, for counsel, and for litigants." *Gustavson v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

10

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1  *Mars, Inc.*, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (citation and internal quotation

2  marks omitted).

3      Courts in this Circuit have recognized that "[s]eparating [a] PAGA claim from its

4  predicate wage and hour and related claims is piecemeal litigation," which "<u>overwhelmingly</u>

5  <u>supports issuance of a stay</u>." *Wentz*, 2012 WL 6021367, at *6 (emph. added). For this reason,

6  courts have stayed or dismissed PAGA actions when the underlying Labor Code claims are

7  pending in another court or compelled to arbitration. *See, e.g.*, *id.* (dismissing and remanding

8  PAGA claim to state court overseeing underlying California Labor Code claim); *Iskanian v. CLS*

9  *Transp. Los Angeles, LLC*, No. BC356521 (Sup. Ct. L.A. Cnty. Nov. 25, 2016) (staying PAGA

10  claims pending arbitration of underlying California Labor Code claims).

11      Thus, in addition to the authority for dismissing or staying this action under the first-to-

12  file rule, *Alltrade*, 946 F.2d at 628, the derivative nature of Plaintiff's PAGA claim provides

13  another, independent basis for issuing a stay. Allowing Plaintiff to proceed separately in this

14  Court while the underlying misclassification-based Labor Code claims are litigated in another

15  forum would waste the resources of the Court and the parties, and potentially result in an

16  inconsistent adjudication of overlapping claims.

17      Plaintiff may claim that litigating in the Northern District is more convenient for him, but

18  this should be immaterial given his allegation that he now resides in Arizona, Complaint, ¶ 6, 29,

19  nor is that consideration controlling here. *See Glob. Music Rights, LLC v. Radio Music License*

20  *Comm., Inc.*, 2017 WL 3449606, at *7 (C.D. Cal. Apr. 7, 2017) ("Moreover, though it may be

21  more convenient for Plaintiff to litigate here than in Pennsylvania, the first-to-file rule counsels

22  that judicial efficiency generally outweighs the convenience of the parties.") Further, the Court

23  can also dismiss Plaintiff's action rather than transferring it, making his residence wholly

24  irrelevant. *See, e.g.*, *Minor v. Sotheby's Inc.*, 2009 WL 55589, *1 (N.D. Cal. Jan. 7, 2009)

25  (dismissing second-filed putative class action in California in favor of first-filed non-class action

26  in New York where the issues and were substantially similar); *Intersearch Worldwide,* 544 F.

27  Supp. 2d at 959 n.6, 963 (dismissing action under first-to-file rule where later-filed claims also

28  would be resolved by "underlying facts . . . front and center" in the first-filed action.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

11

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1

**B.    Transfer Is Also Appropriate Pursuant to 28 U.S.C. § 1404(a).**

2      The many reasons that support transferring this action under the first-to-file rule apply

3   with equal force under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties

4   and witnesses, in the interest of justice, a district court may transfer any civil action to any other

5   district or division where it might have been brought or to any district or division to which all

6   parties have consented."  "The purpose of § 1404(a) is to 'prevent the waste of time, energy and

7   money and to protect litigants, witnesses and the public against unnecessary inconvenience and

8   expense.'"  *King-Scott v. Univ. Med. Pharm. Corp.*, 2010 WL 1815431, at *1 (S.D. Cal. May 6,

9   2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  Each of these factors weighs

10  in favor of transferring this action to the Western District of Washington.

11      *First*, this action could have been brought in the Western District of Washington, where

12  Amazon has its principal place of business.  *Second*, as to convenience, there is no reason to

13  believe that litigating Plaintiff's derivative PAGA claim in Washington will be less convenient

14  than currently litigating a PAGA claim here and PAGA and class claims in Washington.  If

15  anything, transferring venue will "ease the access to evidence and proof, as there is likely to be

16  substantial overlap between the discovery in this case and that in" *Rittmann*.  *King-Scott*, 2010

17  WL 1815431, at *2.  As importantly, transferring this action to Washington where *Rittmann* is

18  pending will be substantially more convenient for the many witnesses who otherwise would be

19  forced to testify about identical claims in two separate actions.

20      *Third*, transferring this action to the court where the *Rittmann* action is being litigated

21  would well serve the "interest of justice."  28 U.S.C. § 1404(a).  This factor dictates that cases

22  may be transferred to promote the efficient use of judicial resources, to avoid unnecessary waste

23  and expense, and to avoid inconsistent adjudications.  *See Continental Grain Co. v. The FBL-585*,

24  364 U.S. 19, 26-27 (1960); *King-Scott*, 2010 WL 1815431, at *2.  Transfer pursuant to § 1404(a)

25  is particularly appropriate where it will prevent a party from having to defend the same claim in

26  two different District Courts.  *King-Scott*, 2010 WL 1815431, at *2 (transferring action to join

27  claims with lawsuit that "allege[d] substantially similar claims against the same defendant and

28  [sought] redress for the same class of people over the same period of time"); *Jolly v. Purdue*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

12

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

*Pharma L.P.*, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) ("'The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor.'" (quoting *A.J. Industries, Inc. v. U.S. Dist. Ct. for Cen. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974))).  Indeed, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co.*, 364 U.S. at 26.

For all these the reasons, transferring this action to the Western District of Washington "would avoid duplicative litigation, further judicial economy and prevent the waste of resources." *King-Scott*, 2010 WL 1815431, at *2.  Moreover, Plaintiff's choice of forum is "not dispositive [under] § 1404(a) . . . and cannot be used to completely bar transfer of venue where, as here, substantial judicial resources will be saved and the fear of inconsistent outcomes will be abated by transferring venue." *Id.*  Indeed, "where. . .  a plaintiff asserts his or her claims on behalf of a class, a plaintiff's choice of forum is given less weight." *Id.* (internal citations omitted).  There is no reason for a different rule to apply to a PAGA representative claim.

*Fourth*, due to the parties' extensive briefing, Judge Coughenour is already familiar with the claims that form the basis of this action, as well as the key factual and legal issues behind Plaintiff's misclassification theory that largely parrots the allegations raised in *Rittmann*.  Judge Coughenour's familiarity with the issues at the heart of Plaintiff's claim, further weighs in favor of dismissing or transferring this action, particularly considering that this case is in its infancy. *See Cadenasso v. Metro. Life Ins. Co.*, 2014 WL 1510853, at *23-24 (N.D. Cal. Apr. 15, 2014) (finding transfer appropriate under § 1404(a) where first-filed court is familiar with the facts underlying later-filed action); *King-Scott*, 2010 WL 1815431, at *2 (to determine whether transfer is appropriate, courts look to "the court most familiar with the claims between parties").  *See also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 2006 WL 4568798, at *6 (C.D. Cal. Nov. 30, 2006) (finding transfer appropriate under § 1404(a) where first-filed court is best positioned "to formulate the most efficient discovery and pretrial plan for the parties to avoid duplicative, unnecessary discovery efforts").

1

**C.**      **This Action Should Be Dismissed in Light of *Knipe*, *Keller* and *Ronquillo*.**

2

Because this action also overlaps with the earlier-filed *Knipe*, *Keller* and *Ronquillo*

3

putative class and PAGA actions asserted on behalf of California Delivery Partners, the Court has

4

a separate basis to simply dismiss this action.  Dismissal is appropriate because (1) *Knipe*, *Keller*

5

and *Ronquillo* were first-filed, (2) they involve the same California Delivery Partners and the

6

same defendants, and (3) they assert and seek recovery premised upon nearly identical alleged

7

Labor Code violations.  Indeed, the *Knipe* and *Ronquillo* plaintiffs seek recovery of PAGA

8

penalties for nearly all of alleged violations of the Labor Code alleged in *Hoyt*, with the exception

9

of a few minor differences.[8]  However, these minor differences are not material because for the

10

first-to-file rule to apply, the issues in the two actions need not be identical.  *Inherent.com*, 420 F.

11

Supp. 2d at 1097. "The issues need not be precisely identical for the first-to-file rule to apply[;]

12

the rule can apply even if the later-filed action brings additional claims." *Schwartz v. Frito-Lay N.*

13

*Am.*, 2012 WL 8147135, at *2, *3 (N.D. Cal. Sept. 12, 2012).  *See also Pacesetter*, 678 F.2d at

14

95–6 (finding the first-to-file rule applicable where "two actions differ only as to the remedy

15

sought", but the underlying legal issues were the same).  Here, the underlying conduct

16

complained of – alleged misclassification – is identical in all of the pending actions.

17

Finally, there are compelling equitable considerations for dismissing this action.  As

18

*Rittmann*, *Knipe*, *Ronquillo*, and this action involve the determination of whether violations

19

occurred under the Labor Code for the same set of individuals, conflicting judgments are a

20

distinct possibility.  *See PETA, Inc.*, 2011 WL 686158, at * 1 (stating that the first-to-file rule "is

21

designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the

22

embarrassment of conflicting judgments").  Also, the fact that *Rittmann*, *Knipe, Ronquillo*, and

23

*Hoyt* purport to represent California Delivery Partners under PAGA, and that Plaintiff is

24

subsumed within the putative classes and alleged aggrieved employees, supports dismissal.  *See*,

25

*e.g.*, *Carrera v. First Am. Home Buyers Prot. Co.*, 2009 WL 10674763, at *3 (C.D. Cal. Nov. 30,

26

---

[8] Unlike in *Hoyt*, the *Knipe* action does not include a claim for section 226.3 PAGA penalties, but it does include a claim for "default" PAGA penalties for violation of the exact same Labor Code provision governing wage statements – section 226(a).  The *Knipe* and *Ronquillo* actions also do

27

not include a PAGA claim for violation of Labor Code section 432.5 for an illegal contract term. However, as discussed above, this claim is dependent on the misclassification theory.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

14

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1  2009) ("Given the significant overlap between the Diaz and Carrera actions, most notably the

2  identical class definitions, dismissal would be permissible.").

3  **D.      The Court Should Dismiss and/or Strike Plaintiff's PAGA Claim for Section 203 Statutory Penalties.**

4  Further, under Fed. R. Civ. P. 12(b)(6) or 12(f), the Court should dismiss and/or strike

5  Plaintiff's PAGA claim for waiting time penalties pursuant to Labor Code section 203 because

6  these are statutory penalties, and PAGA only authorizes the recovery of civil penalties.  *See* Cal.

7  Lab. Code § 2699(a).  In this regard, PAGA was enacted because prior to PAGA, civil penalties

8  were only recoverable by the state and "there was a shortage of government resources to pursue

9  enforcement."  *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379 (2014).

10  Labor Code section 203 provides for statutory waiting time penalties that have always

11  been recoverable in private actions by employees, unlike civil penalties.  *See, e.g.*, *Esparza v. KS*

12  *Indus., LP*, 13 Cal. App. 5th 1228, 1242 (2017) (California Supreme Court referred to section 203

13  as providing an example of "statutory damages" that an employee may collect in his individual

14  capacity, and although the statute refers to the amount "as a penalty," it does not constitute a

15  "civil penalty" because it is payable to employees and not a state agency) (citing *Iskanian*, 59 Cal.

16  4th at 381.  Indeed, the court unequivocally held in *Iskanian* that penalties under section 203

17  constitute "statutory penalties" as opposed to "civil penalties," and therefore are not recoverable

18  under PAGA.  *Id.  See also Caliber Bodyworks, Inc.*, 134 Cal. App. 4th 365, 377-78 (2005).

19  Because Plaintiff's only cause of action is pursuant to PAGA, he cannot recover waiting time

20  penalties under Labor Code section 203 as that claim is pled in the Complaint.  Accordingly, this

21  portion of his PAGA claim must be dismissed and/or stricken without leave to amend.

22  / / / /

23  / / / /

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

15

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION

1    **IV.    <u>CONCLUSION</u>**

2          For all of the foregoing reasons, Amazon requests that the Court dismiss this action, stay

3    it, or transfer it to the Western District of Washington.  Amazon further requests, in the

4    alternative, that the Court dismiss and/or strike Plaintiff's improper waiting time penalties claim

5    seeking statutory penalties that cannot be recovered under PAGA.

6    Dated:  February 20, 2019                              MORGAN, LEWIS & BOCKIUS LLP

7

8                                                     By   */s/ John S. Battenfeld*
                                                          _____
9                                                          John S. Battenfeld
                                                          Brian D. Fahy
                                                          Linda Z. Shen
10                                                         Amy A. McGeever

11                                                         Attorneys for Defendants
                                                          AMAZON.COM, INC. and
12                                                         AMAZON LOGISTICS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 35921471

CASE NO. 3:19-CV-00218; DEFENDANTS' MOTION
AND MEMO OF PS&AS ISO MOTION TO DISMISS,
STAY OR TRANSFER ACTION