Steven M. Tindall (SBN 187862)
Joshua J. Bloomfield (SBN 212172)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
smt@classlawgroup.com
jjb@classlawgroup.com

*Counsel for Plaintiff Sean M. Hoyt, Jr.*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sean M. Hoyt, Jr., | Case No. 3:19-cv-00218-JSC |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, STAY OR TRANSFER** |
| v. | |
| Amazon.com, Inc.; Amazon Logistics, Inc., | |
| Defendants. | Date:    March 28, 2019 |
| | Time:    9:00 a.m. |
| | Crtrm.:  F, 15th Floor |
| | Judge:   Hon. Jacqueline Scott Corley |

1

# TABLE OF CONTENTS

I.     INTRODUCTION...........................................................................................................2

II.    PROCEDURAL BACKGROUND ...........................................................................3

    A.     Rittman (consolidated with Lawson/Mack)..............................................3

    B.     Knipe.........................................................................................................4

    C.     Keller.........................................................................................................4

    D.     Clinton.......................................................................................................4

    E.     Luckett ......................................................................................................4

    F.     Ponce.........................................................................................................5

    G.     Romero ......................................................................................................5

    H.     Ronquillo...................................................................................................5

III.   ARGUMENT ..............................................................................................................5

    A.     The First-To-File Rule Should not be Applied to Stay, Transfer, or Dismiss This Case ..5

        1.     Equity and Fairness Weigh in Favor of Allowing this PAGA-Only Case to Proceed Expeditiously ...........................................................5

        2.     The First-To-File Rule Does Not Apply Because the Parties and Issues are Distinct.........................................................................................7

    B.     Transfer of Hoyt's PAGA Claim Pursuant to 28 U.S.C. § 1404(a) is not Appropriate or Warranted.................................................................................8

    C.     A Stay of the PAGA Claim is not Warranted Because Litigants May Pursue PAGA Claims in One Case While Underlying Labor Code Claims are Pending In A Separate Case.................................................................................11

    D.     Plaintiff Concedes that the Court Should Dismiss or Strike his PAGA Claim for § 203 Statutory Penalties ...................................................................12

IV.    CONCLUSION .........................................................................................................12

1

## TABLE OF AUTHORITIES

2

<u>**Cases**</u>

3

*Achal v. Gate Gourmet, Inc.*,

4

　114 F. Supp. 3d 781 (N.D. Cal. 2015) ............................................................... 7

5

*Adoma v. Univ. of Phoenix, Inc.*,

6

　711 F. Supp. 2d 1142 (E.D. Cal. 2010) ........................................................... 5, 6

7

*Alltrade, Inc. v. Uniweld Prods., Inc.*,

8

　946 F.2d 623 (9th Cir. 1991) ............................................................................ 5

9

*Arias v. Superior Court*,

10

　46 Cal. 4th 969 (2009) .................................................................................... 12

11

*Arley v. United Pac. Ins. Co.*,

12

　379 F.2d 183 (9th Cir. 1967) ............................................................................ 9

13

*Bradberry v. T-Mobile USA, Inc.*,

14

　2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) ................................................... 6

15

*Decker Coal Co. v. Commonwealth Edison Co.*,

16

　805 F.2d 834 (9th Cir. 1986) ........................................................................ 9, 10

17

*E. & J. Gallo Winery v. F. & P. S.P.A.*,

18

　899 F. Supp. 465 (E.D. Cal. 1994) ................................................................... 9

19

*Getz v. Boeing Co.*,

20

　547 F.Supp. 2d 1080 (N.D. Cal. 2008) ........................................................... 10

21

*Haugh v. Barrett Bus. Servs., Inc.*,

22

　2017 WL 945113, n.2 (E.D. Cal. Mar. 1, 2017) ............................................. 11

23

*Hernandez v. DMSI Staffing, LLC*,

24

　79 F. Supp. 3d 1054 (N.D. Cal. 2015) ............................................................. 7

25

*In re Ferrero Litigation*,

26

　768 F.Supp. 2d 1074 (S.D.Cal.2011) .............................................................. 10

27

*Iskanian v. CLS Transp. Los Angeles, LLC*,

28

　59 Cal. 4th 348 (2014) ....................................................................... 2, 3, 6, 7, 12

*Komarnicki v. LinkUs Enterprises*, LLC,

    2017 WL 3284434 (E.D. Cal. Aug. 2, 2017) ............................................................................... 11, 12

*Morris v. Ernst & Young, LLP*,

    834 F.3d 975 (9th Cir. 2016) .................................................................................................................... 3

*Ochoa–Hernandez v. Cjaders Foods, Inc.*,

    2010 WL 1340777 (N.D. Cal. Apr.2, 2010) ........................................................................................... 6

*Sakkab v. Luxottica Retail N. Am., Inc.*,

    803 F.3d 425 (9th Cir. 2015) ............................................................................................................. 2, 6

*Tanguilig v. Bloomingdale's, Inc.*,

    5 Cal. App. 5th 665 (Ct. App. 2016) ...................................................................................................... 7

*Whitworth, et al. v. SolarCity Corp.*,

    2017 WL 2081155 (N.D. Cal. May 15, 2017) ...................................................................................... 11

*Wilkie v. Gentiva Health Servs., Inc.*,

    2010 WL 3703060 (E.D. Cal. Sept. 16, 2010) .................................................................................. 6, 7

**Statutes**

28 U.S.C. § 1391 ............................................................................................................................................ 9

28 U.S.C. § 1404(a) .......................................................................................................................... 8, 10, i

29 U.S.C. § 207 ............................................................................................................................................. 3

Cal. Lab. Code § 203 .................................................................................................................................. 12

Cal. Labor Code § 432.5 ...................................................................................................................... 3, 7, 8

Cal. Labor Code § 2699 ........................................................................................................................... 2, 8

## I.   INTRODUCTION

In their Motion to Dismiss, Stay or Transfer this action (Dkt. 16) ("Motion"), Defendants Amazon.com, Inc., and Amazon Logistics, Inc. (collectively, "Defendants" or "Amazon") ask that the claims in this case be dismissed or stayed in favor of cases pending in various jurisdictions.  These cases, however, have themselves been long delayed—first while the Supreme Court considered the question of arbitrability of certain claims, and now while the parties litigate this same question. Notably, however, this question of arbitrability is irrelevant to the only claim at issue in this case—a Private Attorney General Act ("PAGA")[1] claim which is undisputedly *not* subject to the class action waiver in Amazon's arbitration agreements.  *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 440 (9th Cir. 2015); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 384 (2014).

Plaintiff Sean Hoyt filed this action in California to pursue his single PAGA claim before a Court in this state, rather than asserting class action claims and thereby allowing it to become entangled with other cases involving unrelated parties and issues that are subject to delays related to Amazon's attempt to enforce its class action waiver.  The claim and parties in this case are distinct from those in *any* of the cases to which Amazon refers in its Motion.  This PAGA-only action is brought on behalf of the State of California (the real party in interest) by Mr. Hoyt, who is not a party in any other case. Moreover, unlike the claims in the other cases, the class action waiver in Amazon's arbitration agreement will not, and cannot, have any effect on Mr. Hoyt's claim.

There is no reason for this case to be dismissed, stayed, or merged into another case involving different parties and issues.  Amazon's true purpose in making this Motion is not hard to discern:  it seeks to postpone the prosecution of Mr. Hoyt's PAGA claim for as long as it possibly can.  Allowing Amazon to do so, however, is not in the interest of the State of California, the aggrieved employees, or the judicial system.  In furtherance of this same goal, the day before filing this Motion, Amazon filed an administrative motion to relate this case to another case in this District that is pending before Hon. Richard Seeborg, *Keller v. Amazon*, N.D. Cal., Case No. 3:17-cv-02219.  Judge Seeborg, however, summarily denied that motion, finding that "[n]o cases are related and no reassignments shall occur." Dkt. 19, p. 2.

---

[1] *See* Cal. Labor Code § 2699, *et seq*.

1    For all these reasons and the reasons set forth further below, the Court should deny Amazon's

2    Motion.

3    **II.    PROCEDURAL BACKGROUND**

4    Defendants point to a number of previously-filed cases involving allegations that Amazon

5    misclassified Amazon Flex drivers as independent contractors.  As shown below, however, these cases

6    are all different from Mr. Hoyt's and none presents a reason for the Court to dismiss, stay or transfer his

7    PAGA-only action.  Critically, and as Amazon acknowledges, none of these actions asserts Mr. Hoyt's

8    claim against Amazon under Cal. Labor Code § 432.5 for requiring the California Amazon drivers to

9    agree to contract terms that it knew or should have known to be unlawful.  *See* Complaint, ¶ 32(g).

10    **A.    Rittman (consolidated with Lawson/Mack)**

11    *Rittmann, et al. v. Amazon.com, Inc., et al.*, Civ. A. No. 2:16-cv-01554-JCC (W.D. Wa.), was

12    filed in the Western District of Washington on October 4, 2016, as a collective action under the Fair

13    Labor Standards Act ("FLSA") 29 U.S.C. § 207, *et seq.*, with an accompanying Rule 23 class claim on

14    behalf of Amazon drivers who performed work in Washington state, alleging that drivers have been

15    misclassified as independent contractors and have not been properly paid minimum wage or overtime

16    for their work.  *See Rittmann*, C. A. No. 2:16-cv-01554, Dkt. 1.  The case was subsequently amended

17    on December 1, 2016, to include Plaintiff Raef Lawson and a Rule 23 class of California drivers

18    bringing wage claims under California law.  *See Rittmann*, C. A. No. 2:16-cv-01554, Dkt. 33. At the

19    time, Lawson also noted that he intended to amend the case at a later date to bring a PAGA claim.  *Id.*

20    Plaintiffs in *Rittmann* filed a motion for conditional certification of their FLSA claims while

21    Defendants filed a motion to dismiss and a motion to stay the case pending the Supreme Court's

22    decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809

23    (2017), which had the potential to affect the enforceability of Amazon's arbitration agreement with

24    many of the putative class members in *Rittmann*.  On March 22, 2017, the *Rittmann* Court granted

25    Amazon's motion to stay the case pending a decision by the Supreme Court in *Morris*.  *See Rittmann*,

26    C.A. No. 2:16-cv-01554, Dkt. 77.  The *Rittmann* Court subsequently allowed Plaintiffs to file a second

27    amended complaint to include a PAGA claim if they wished, but noted that "the case will remain

28    stayed per the Court's previous order."  *Id.* at Dkt. 82.

1  Rather than amend the complaint in *Rittman* to include a PAGA claim, Lawson filed a separate

2 PAGA-only action against Defendants in the Central District of California.  *See Lawson/Mack*, No. 16-

3 01554 (W.D. Wash.), Dkt. 1.  To avoid the obvious charge of claim-splitting, Lawson was withdrawn

4 from the action and replaced with a new named plaintiff, Iain Mack.  Unconvinced by this maneuver,

5 Hon. André Birotte, Jr. transferred *Lawson/Mack* to the Western District of Washington, where it was

6 consolidated with *Rittmann*—a case in which Lawson was already a party.  *Rittmann* remains stayed,

7 but the parties have agreed to partially lift the stay for the purpose of briefing arbitration issues.  *See*

8 Dkt. 101.

9   **B.**  **Knipe**

10  *Knipe v. Amazon*, S.D. Cal., Case No. 17-cv-1889, is currently pending in the Southern District

11 of California.  The action contains both class and PAGA claims and remains stayed due to the question

12 of the arbitrability of the class claims.

13   **C.**  **Keller**

14  *Keller v. Amazon*, N.D. Cal., Case No. 3:17-cv-02219, is a putative class action currently

15 pending in the Northern District of California.  Like *Knipe,* the case remains stayed due to the question

16 of the arbitrability of the class claims.  On February 19, 2019, Amazon filed an administrative motion

17 to relate Mr. Hoyt's case to *Keller*, which on February 12, 2019 had been related to *Ponce* (see below).

18 Judge Seeborg denied that motion, finding that "[n]o cases are related and no reassignments shall

19 occur."  Dkt. 19, p. 2.

20   **D.**  **Clinton**

21  *Dirk Clinton v. Amazon.com, Inc., et al.*, Orange County Superior Court, Case No. 30-2017-

22 00938102-CU-0E-CXC, is a UCL and putative PAGA action currently pending in Orange County

23 Superior Court.  As Amazon notes, the *Clinton* court has "effectively stay[ed] the case pending

24 developments in the previously filed actions."  Motion at 5.

25   **E.**  **Luckett**

26  *Luckett et al. v. Amazon*, Alameda County Superior Court, Case No. RG18923557, is a PAGA

27 action currently pending in Alameda County Superior Court.  Amazon has filed a motion to compel

28 arbitration of certain claims, and to stay the representative PAGA claim, or to stay or dismiss the entire

action, which is set for hearing on April 5, 2019.

**F.     Ponce**

*Ponce v. Amazon*, N.D. Cal., Case No. 3:19-cv-00288, is currently pending in the Northern District of California.  The action contains class and PAGA claims, and on February 12, 2019, Judge Seeborg granted an administrative motion relating it to *Keller,* as noted above.  When Amazon subsequently filed and briefed an administrative motion to relate Mr. Hoyt's case to *Keller* and *Ponce*, Judge Seeborg denied it, finding that the cases were not related.   Dkt. 19, p. 2.

**G.     Romero**

*Romero et al. v. Amazon*, Orange County Superior Court, Case No. 30-2018-01031789-CU-OE-CXC, is a PAGA action currently pending in Orange County Superior Court.  On February 11, 2019, Amazon filed a motion to dismiss the entire action.

**H.     Ronquillo**

*Ronquillo v. Amazon.com, Inc.*, C.D. Cal., Case No. 2:19-cv-00207-AB, is a putative class action pending in the Central District of California.  On February 21, 2019, over a month after Mr. Hoyt's case was filed, the plaintiff filed a first amended complaint which included a PAGA claim for the first time.  *Ronquillo*, like others containing class and PAGA claims, will likely be bogged down in the question of the arbitrability of the class claims.

**III.     ARGUMENT**

    **A.     The First-To-File Rule Should not be Applied to Stay, Transfer, or Dismiss This Case**

        **1.     Equity and Fairness Weigh in Favor of Allowing this PAGA-Only Case to Proceed Expeditiously**

Courts consider three factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 623, 625-26 (9th Cir. 1991).  Ultimately, however, "the most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."  *Id.* at 627.

As such, "[e]ven assuming the three requirements of the first-to-file rule are satisfied here, it does not follow that application of the rule is appropriate."  *Adoma v. Univ. of Phoenix, Inc.*, 711 F.

1   Supp. 2d 1142, 1149-50 (E.D. Cal. 2010).  "[T]he court has broad discretion to not apply the rule in the

2   interests of equity."  *Wilkie v. Gentiva Health Servs., Inc.*, 2010 WL 3703060, at *5 (E.D. Cal. Sept. 16,

3   2010); *see also Adoma*, 711 F. Supp. 2d at 1149-50 ("The doctrine is discretionary and, accordingly,

4   the court may disregard it in the interests of equity . . .  The court is persuaded that the equities in this

5   case tip in favor of an exception to the first-to-file rule").  Here, Amazon couches its argument in terms

6   of judicial efficiency but overlooks the prejudice to the State of California and the California Amazon

7   drivers that will occur if these claims are tied up with any of the other pending cases, all of which may

8   be subject to a lengthy or indefinite delay.

9        On March 22, 2017, the *Rittmann* court ordered a complete stay of proceedings until the

10   Supreme Court issued a decision in *Morris*.  *See Rittmann*, Dkt. 77.  Although a decision has been

11   reached in *Morris*, *Rittmann* remains largely stayed, and the parties have just begun to engage in

12   briefing regarding its application to the class action waiver in Amazon's arbitration agreement, which is

13   likely to bring about further lengthy delays because the *Rittmann* action includes purported class

14   claims.  By contrast, here, Amazon's class action waiver has no application because Plaintiff Hoyt has

15   brought no class claims, and the waiver cannot bar representative claims under PAGA.  *See Sakkab*,

16   803 F.3d 425, 440 (9th Cir. 2015); *Iskanian*, 59 Cal. 4th 348, 384 (2014).  Thus, it makes no sense to

17   delay this case for months—or even years—when the PAGA claims in this case do not depend on the

18   issues being litigated in *Rittmann* or any other previously filed action.

19        Indeed, such a delay would be inefficient and unfair to the California Amazon workers, the

20   public, and the State of California.  "A delay of proceedings [caused by a stay of these claims] will

21   allow any harm . . . to continue, and therefore may materially affect the public interest in vindicating

22   the rights of [the Amazon drivers]."  *Bradberry v. T-Mobile USA, Inc.*, 2007 WL 2221076, at *5 (N.D.

23   Cal. Aug. 2, 2007); *see Ochoa–Hernandez v. Cjaders Foods, Inc.*, 2010 WL 1340777, at *2 (N.D. Cal.

24   Apr.2, 2010) (noting that the purposes of the penalties afforded under PAGA "[are] fundamentally

25   designed to protect the public at large"); *Iskanian*, 59 Cal. 4th at 381 (noting that PAGA "is

26   fundamentally a law enforcement action designed to protect the public . . .").

27        In sum, although Amazon itself may have an interest in delaying the resolution of Plaintiff's

28   claims for as long as possible, the public interest overwhelmingly favors allowing these claims to go

forward expeditiously rather than getting bogged down in complex proceedings where the PAGA claim

is likely to get lost and delayed among the numerous other legal issues at play—including proposed

class claims in other cases that might be subject to arbitration.  For all these reasons, the Court should

find that the first-to-file rule does not apply here.

**2.     The First-To-File Rule Does Not Apply Because the Parties and Issues are Distinct**

The first-to-file rule has no application here, where this action involves different claims and

different parties.  Amazon argues that this case should be dismissed in favor of previously-filed cases,

which contain claims for misclassification of Amazon drivers as independent contractors and resulting

wage claims under federal law and the law of several states.  Notably, however, the State of California

is the real party in interest in this case.[2]  This case is a PAGA-only action against Amazon, and there is

no reason to defer to any pending action, particularly where Mr. Hoyt's PAGA claim presents unique

concerns and issues that do not overlap with the vast majority of the claims in the other actions.  *See*

*Wilkie*, 2010 WL 3703060, at *5 (refusing to apply the first-to-file rule to dismiss later-filed action

where different claims were filed in the second action under California law).

As Amazon acknowledges, no other action that has been filed has asserted Mr. Hoyt's claim

against Amazon under Cal. Labor Code § 432.5 for requiring the California Amazon drivers to agree to

contract terms that it knows or should know are unlawful.  *See* Dkt. 1 (Complaint), ¶ 32(g).  It is not

surprising that Amazon is seeking to dismiss rather than be required to respond to Plaintiff's validly

pled PAGA claim that asserts a unique basis for liability against it.

---

[2] *See Iskanian*, 59 Cal. 4th at 382 ("[T]he government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit."); *Tanguilig v. Bloomingdale's, Inc.*, 5 Cal. App. 5th 665, 678 (Ct. App. 2016), review denied (Mar. 1, 2017) ("Because a PAGA plaintiff, whether suing solely on behalf of himself or herself or also on behalf of other employees, acts as a proxy for the state only with the state's acquiescence (*see* § 2699.3) and seeks civil penalties largely payable to the state via a judgment that will be binding on the state, the PAGA claim cannot be ordered to arbitration without the state's consent."); *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 807 (N.D. Cal. 2015) ("PAGA plaintiffs do not assert the rights of third party employees, but instead represent the interests of the state labor law enforcement agency."); *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1062 (N.D. Cal. 2015), aff'd sub nom., 677 F. App'x 359 (9th Cir. 2017) ("A PAGA claim 'functions as a substitute for an action brought by the government itself,' and therefore any judgment binds the state labor law enforcement agencies.").

In arguing for the application of the first-to-file rule, Amazon leans heavily on the conclusion reached by Judge Birotte in the *Lawson/Mack* case, which he ordered transferred to the Western District of Washington on Amazon's motion.  Amazon ignores, however, a critical component of Judge Birotte's rationale in finding a substantial similarity of issues between *Rittman* and *Lawson/Mack*.  As he explained in his order, "Plaintiff only decided to file the instant claim after *Rittmann* was stayed, despite his original intent to file it before that court."  Dkt. 25, p. 7.  Noting that "the plaintiffs have indicated a specific intent to file a PAGA claim in the Rittman action[,]" and citing substantial evidence of that intent, Judge Birotte concluded that "[t]hese facts contribute to a finding that the issues are substantially similar and likely would have been filed together had the stay not been issued in Rittmann. Accordingly, the Court finds that the issues are substantially similar."  *Id.* at p. 8.  The situation here is much different—Plaintiff Hoyt has no other related actions pending in this District or anywhere else. As such, key facts underpinning Judge Birotte's finding of substantial similarity of issues are absent here, and the opposite conclusion should be reached.

Amazon's true motives in filing this motion are clear:  Amazon hopes to dismiss or transfer the PAGA claims here in favor of previously-filed cases that are currently stayed so that they will not have to face these claims at all for months, years, or perhaps ever.  Such indefinite delays are unfair to the State of the California and the aggrieved Amazon employees Mr. Hoyt seeks to represent.  This prejudice is particularly acute given that the previously-filed cases are currently bogged down in questions about the validity of the class action waiver in Amazon's arbitration agreements – an issue that is simply not relevant in this case, as described above.  The Court, therefore, should find that the requirements of the first-to-file rule are not met here because the parties (the State of California, as represented by Sean Hoyt) and the claims (under Cal. Labor Code § 2699, *et seq*, which includes predicate claims under Cal. Labor Code § 432.5) in this case are sufficiently distinct from the parties and claims in the other actions that application of the rule is not warranted.

### B.   Transfer of Hoyt's PAGA Claim Pursuant to 28 U.S.C. § 1404(a) is not Appropriate or Warranted

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C.A. § 1404(a).  "Three factors are in

1  the inherently broad discretion of the Court, allowing the Court to consider the particular facts of each

2  case: convenience of the *parties*, convenience of the *witnesses*, and *interest of justice*." *E. & J. Gallo*

3  *Winery v. F. & P. S.P.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (emphasis in original). "Unless the

4  balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or

5  should rarely, be disturbed." *Id.* Thus, "[t]he defendant must make a strong showing of inconvenience

6  to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*,

7  805 F.2d 834, 843 (9th Cir. 1986) *superseded by statute on other grounds by* 28 U.S.C. § 1391. Here,

8  Plaintiff Hoyt does not dispute that the PAGA claim could have been brought in the Western District of

9  Washington, but he vigorously contests that it would be more convenient and serve the interests of

10  justice to transfer his PAGA claim to that District.

11      First, the convenience of the parties and witnesses cuts *against* transfer to the Western District

12  of Washington. This case brings claims exclusively under *California law*, on behalf of *the State of*

13  *California* for *California Labor Code violations* committed against aggrieved employees *who*

14  *performed work in California*. While Amazon may be headquartered in Seattle, it is a huge corporation

15  that does business extensively in the State of California, and there is no reason to think that the balance

16  of witnesses and evidence will be located anywhere other than California—given that *all* of the

17  aggrieved employees at issue worked in California and all of the work performed at issue in the case

18  was performed in California. *See Arley v. United Pac. Ins. Co.*, 379 F.2d 183, 185 (9th Cir. 1967)

19  (finding that where the "principal witnesses were all in Oregon [and] the transaction had taken place

20  there . . . the rational conclusion was that neither the convenience of witnesses no[r] the ends of justice

21  would be advanced by transferring the case elsewhere."). Witnesses in this case will likely include

22  numerous Amazon Flex drivers who worked in California as well as supervisors and other Amazon

23  personnel who worked at Amazon fulfillment centers in California. *See* Dkt. 1 (Complaint) at ¶¶ 14,

24  15, 17, 19, 23.

25      Likewise, Amazon has not shown that it would be unduly inconvenienced by having to litigate

26  this action here in the Northern District of California. "Convenience of counsel is not a consideration,"

27  *E. & J. Gallo Winery*, 899 F. Supp. at 466, but even if it were, Amazon's chosen counsel has offices in

28  San Francisco, and one of the attorneys on the pleadings is based out of its San Francisco office, with

RESPONSE IN OPP. TO MTN. TO
DISMISS, STAY OR TRANSFER
Case No. 3:19-cv-00218-JSC

the other attorneys on the pleadings based in Los Angeles. Thus, contrary to Amazon's assertions, litigating the PAGA claim in Washington will actually be *less* convenient than allowing the claim to proceed here, in Plaintiff's chosen forum.

Even more critically, the interests of justice also militate against a transfer of Hoyt's PAGA claim to the Western District of Washington. As set forth above, the *Rittmann* case is consumed with the question of the arbitrability of the underlying claims, but the resolution of that issue will have no bearing on the PAGA claim in this case because Amazon's class action waiver cannot bar Plaintiff Hoyt's representative claims. It would be unjust to stall Mr. Hoyt's PAGA claim pending a decision in an unrelated case that has no effect on the only claim in this case. Such an outcome would be unfair to the California Amazon workers, the public, and the State of California, and is against the interests of justice.

Amazon contends that the interests of justice favor transfer here since "Judge Coughenour is already familiar with the claims that form the basis of this action" because they were briefed in *Rittmann*, see Dkt. 16 at p. 13. Amazon's statement, however, is at best an exaggeration: Amazon spent less than a page in its motion to dismiss arguing that the California Labor Code claims in *Rittmann* were inadequately pled. *See Rittmann*, Civ. A. No. 2:16-cv-01554-JCC, Dkt. 36 at pp. 10-11. The parties have not begun briefing the merits of these California state law claims, and there is no prospect that they will do so any time soon. Moreover, Mr. Hoyt's PAGA claim presents unique issues that are not present in *Rittmann*, such as whether Amazon knew or should have known that the contract terms it was requiring California Amazon drivers to agree to were unlawful.

Given that *Rittmann* was stayed at such an early juncture, there is simply no argument that Judge Coughenour has any particular familiarity with the facts of Plaintiff's California state law claims, and there is certainly no argument that the Western District of Washington is more familiar with PAGA claims than this District. On the contrary, "[a] California district court is more familiar with California law than district courts in other states." *In re Ferrero Litigation*, 768 F.Supp. 2d 1074, 1081 (S.D.Cal.2011) (citing *Getz v. Boeing Co.*, 547 F.Supp. 2d 1080, 1085 (N.D. Cal. 2008)); *see also Decker Coal Co.*, 805 F.2d at 843 (noting that courts considering a transfer under § 1404(a) will consider the "local interest in having localized controversies decided at home").

In sum, convenience of the parties and witnesses and the interests of justice all weigh against a transfer of the claims in this case to the Western District of Washington, and Amazon's request should be rejected.

### C.   A Stay of the PAGA Claim is not Warranted Because Litigants May Pursue PAGA Claims in One Case While Underlying Labor Code Claims are Pending In A Separate Case

Amazon asserts that Plaintiff's PAGA claim should be delayed while some (but not all) of the underlying Labor Code claims are litigated in a class action forum.  An abundance of recent caselaw, however, holds that, given the fundamental differences between PAGA claims for penalties brought on behalf of the State and non-PAGA claims for damages, PAGA claims should not be stayed while related non-PAGA claims are decided in a different forum.  *See Komarnicki v. LinkUs Enterprises*, LLC, 2017 WL 3284434, at *4 (E.D. Cal. Aug. 2, 2017) (describing unique nature of PAGA claims as discussed by the California Supreme Court and denying motion to stay PAGA claims pending resolution of related non-PAGA claims in parallel state court action); *see also Winfrey v. Kmart Corporation*, No. 16-55184 (9th Cir. May 19, 2017) (holding that "[t]he district court acted within its discretion in denying a stay of Mr. Winfrey's nonarbitrable PAGA action pending arbitration of Mr. Winfrey's Labor Code claims" because "[i]f there is 'even a fair possibility' that a stay will 'work damage' to another party, a stay may be inappropriate."); *Whitworth, et al. v. SolarCity Corp.*, 2017 WL 2081155, *4 (N.D. Cal. May 15, 2017) (denying request for stay where the case contained "PAGA claims which will proceed in this Court regardless of [whether the related Labor Code claims are ultimately compelled to arbitration]."); *Haugh v. Barrett Bus. Servs., Inc.*, 2017 WL 945113, *2, n.2 (E.D. Cal. Mar. 1, 2017) (noting that "it's not correct, as some courts seem to assume, that a plaintiff's PAGA claims should always be stayed pending [resolution] of the [related Labor Code] claims" and finding instead that "[w]hether a court should exercise [its] discretion to stay claims for PAGA penalties may depend on . . . the extent and degree to which the defendant's alleged conduct affects a class of people, and any need the class may have for prompt relief").

Courts that have stayed PAGA claims pending resolution of related non-PAGA claims in a different forum have typically reasoned (as Amazon does) that PAGA claims are "derivative" of non-PAGA claims and, therefore, the interests of efficiency cut in favor of requiring that the underlying

1    Labor Code claims be decided before litigation of PAGA claims.  However, as discussed in

2    *Komarnicki*, this assumption overlooks the fact that PAGA claims are disputes *between an employer*

3    *and the State* not between an employer and a private citizen and are therefore fundamentally different

4    from, and not derivative of, non-PAGA Labor Code claims.  *Komarnicki*, 2017 WL 3284434, at *4-5;

5    *Iskanian*, 59 Cal. 4th at 38 (discussing the legal characteristics of a PAGA representative action and

6    stating that an employee suing under PAGA "does so as the proxy or agent of the state's labor law

7    enforcement agencies . . . the employee plaintiff represents the same legal right and interest as state

8    labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been

9    assessed and collected by the Labor Workforce Development Agency ") (*citing Arias v. Superior*

10   *Court*, 46 Cal. 4th 969 (2009)); *see also* cases cited supra, n. 2.

11          For all of these reasons, Amazon is incorrect to suggest that litigating PAGA and related, non-

12   PAGA claims in two different fora at once is improper; on the contrary, it is both appropriate and

13   commonplace to do so.  Indeed, it would be prejudicial under the circumstances to require Hoyt's

14   PAGA claim to await resolution of the California Labor Code claims in the various other pending

15   actions, which are presently stayed or likely soon will be.

16          **D.      Plaintiff Concedes that the Court Should Dismiss or Strike his PAGA Claim for§
                     203 Statutory Penalties**

17

18          Amazon is correct to assert that PAGA only authorizes the recovery of civil penalties and that

19   Cal. Lab. Code § 203 does not provide for a civil penalty.  Accordingly, Plaintiff concedes that the

20   Court should dismiss or strike this particular basis for his PAGA claim.  Alternatively, Plaintiff is

21   willing to submit an amended complaint that eliminates Labor Code § 203 as a predicate basis for the

     PAGA claim.
22

**IV.    CONCLUSION**
23

24          For the foregoing reasons, and to protect the interests of real party in interest, the State of

25   California, the Court should deny the Motion in its entirety and allow this action to proceed.

26

27

28

Respectfully submitted,

**GIBBS LAW GROUP LLP**

Dated: March 6, 2019

By: */s/ Joshua J. Bloomfield*

Steven M. Tindall (SBN 187862)
Joshua J. Bloomfield (SBN 212172)
505 14th Street, Ste. 1110
Oakland, California 94612
Telephone:  510-350-9700
Facsimile: (510) 350-9701
smt@classlawgroup.com
jjb@classlawgroup.com