1

MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513

2

john.battenfeld@morganlewis.com
Brian D. Fahy, Bar No. 266750

3

brian.fahy@morganlewis.com
300 South Grand Avenue

4

Twenty-Second Floor
Los Angeles, CA 90071-3132

5

Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

6

7

MORGAN, LEWIS & BOCKIUS LLP
Linda Z. Shen, Bar No. 294039

8

linda.shen@morganlewis.com
2049 Century Park East, Suite 700

9

Los Angeles, California 90067-3109
Tel:   +1.310.907.1000

10

Fax:   +1.310.907.1001

11

MORGAN, LEWIS & BOCKIUS LLP
Amy A. McGeever, Bar No. 296758

12

amy.mcgeever@morganlewis.com
One Market, Spear Street Tower

13

San Francisco, CA 94105-1596
Tel:   +1.415.442.1000

14

Fax:   +1.415.442.1001

15

Attorneys for Defendants AMAZON.COM, INC.
|and AMAZON LOGISTICS, INC.

16

UNITED STATES DISTRICT COURT

17

NORTHERN DISTRICT OF CALIFORNIA

18

19

| | |
|---|---|
| SEAN M. HOYT, Jr., | Case No. 3:19-cv-00218 |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER THIS ACTION** |
| vs. | |
| AMAZON.COM, INC.; AMAZON LOGISTICS, INC., | Date:   March 28, 2019 |
| | Time:   9:00 a.m. |
| Defendants. | Crtrm:   F, 15th Floor |
| | Judge:   Hon. Jacqueline Scott Corley |
| | Trial Date:   N/A |
| | Date Action Filed:   January 11, 2019 |

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:19-cv-00218

DB2/ 36079916

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ......................................................................................................... 1

II.    ARGUMENT ................................................................................................................. 2

    A.    Hoyt Does Not Dispute That *Rittmann* And The Other Eight Actions Were First-Filed. .......................................................................................................... 2

    B.    The Parties And Issues Are Substantially Similar, So The First-To-File Doctrine Applies. ................................................................................................ 3

        1.    Because the State of California is Already a Party in *Rittmann*, and Hoyt Is A Member Of The Putative Classes In The First-Filed Actions, There Is Substantial Similarly Between The Parties. ................... 3

        2.    The First-To-File Rule Does Not Require *Rittmann*'s PAGA Claim To Allege Identical Labor Code Violations. ............................................... 4

        3.    Hoyt Cannot Distinguish Judge Birotte's Decision In *Mack/Lawson*. ......................................................................................... 6

        4.    Hoyt's Equitable Arguments Are Without Legal or Factual Basis ............ 7

    C.    Courts Routinely Stay PAGA Claims Pending Resolution Of Underlying California Labor Code Claims. ................................................................................ 9

    D.    Hoyt's § 1404(a) Venue Arguments Are Unavailing. ......................................... 11

III.    CONCLUSION ........................................................................................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 36079916

i

Case No. 3:19-cv-00218

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adoma v. Univ. of Phoenix, Inc.*,
   711 F. Supp. 2d 1142 (E.D. Cal. 2010).................................................................................8

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
   946 F.2d 622 (9th Cir. 1991)................................................................................................5

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 623 (9th Cir. 1991)................................................................................................2

*Bates v. Morgan Stanley Smith Barney LLC*,
   2010 WL 3341819 (E.D. Cal. Aug. 25, 2010) ....................................................................11

*Brown v. Abercrombie & Fitch Co.*,
   2014 WL 715082 (N.D.Cal. Feb. 14, 2014).......................................................................12

*Gardner v. GC Servs., LP*,
   2010 WL 2721271 (S.D. Cal. July 6, 2010) .........................................................................3

*Haugh v. Barrett Bus. Servs., Inc.*,
   No 16-02121, 2017 WL 945113 (E.D. Cal. Mar. 1, 2017) .................................................10

*Inherent.com v. Martindale-Hubbell*,
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) ...............................................................................5

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
   544 F. Supp. 2d 949 (N.D. Cal. 2008) .............................................................................3, 5

*King-Scott v. Univ. Med. Pharm. Corp.*,
   2010 WL 1815431 (S.D. Cal. May 6, 2010).......................................................................12

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
   787 F.3d 1237 BL 176099, 3 (9th Cir. 2015).......................................................................9

*Komarnicki v. LinkUs Enterprises, LLC*,
   2017 WL 3284434 (E.D. Cal. Aug. 2, 2017) ...................................................................9, 10

*PETA, Inc. v. Beyond the Frame, Ltd.*,
   2011 WL 686158 (C.D. Cal. Feb. 16, 2011).....................................................................4, 5

*Sarinana v. DS Waters of Am., Inc.*,
   2013 WL 3456687 (N.D. Cal. July 9, 2013) ......................................................................12

*Shepardson v. Adecco USA, Inc.*,
   2016 WL 1322994 (N.D. Cal. Apr. 5, 2016) ......................................................................11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii                                                    Case No. 3:19-cv-00218

DB2/ 36079916          DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

*Wentz v. Taco Bell Corp.*,
  2012 WL 6021367 (E.D. Cal. Dec. 4, 2012)........................................................................4, 11

*Whitworth, et al. v. SolarCity Corp.*,
  No. 16-01540, 2017 WL 2081155 (N.D. Cal. May 15, 2017)................................................10

*Winfrey v. Kmart Corp.*,
  No. 15-01873-VAP, 2016 WL 6666810 (C.D. Cal. Jan. 6, 2016)...........................................10

*Winfrey v. Kmart Corporation*,
  692 Fed. App'x. 356 (9th Cir. 2017)....................................................................................10

**STATE CASES**

*Arias v. Superior Court*,
  46 Cal. 4th 969 (Cal. 2009)...................................................................................................3

*Esparza v. KS Industries, L.P.*,
  13 Cal. App. 5th 1228 (2017)............................................................................................2, 8

*Franco v. Arakelian Enterprises, Inc.*,
  234 Cal. App. 4th 947 (2015), *as modified* (Mar. 11, 2015)................................................11

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) ................................................................................................................11, 12

**STATE STATUTES**

California Labor Code
  § 226.3.....................................................................................................................................6
  § 432.5...............................................................................................................................1, 4, 5
  § 558..................................................................................................................................1, 2, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## I.  **INTRODUCTION**

Attempting in vain to distinguish his redundant lawsuit from *nine* earlier-filed actions, Hoyt raises three points in opposition to Amazon's motion: the parties are different, one claim is new, and it not appropriate to delay litigating the identical issues underlying all 10 cases.  Even if *all* of Hoyt's points had merit, the first-to-file rule still would counsel in favor of dismissing, staying, or transferring this case.  *None* of these points, however, is a valid reason to deny Amazon's motion.

*First*, Hoyt contends his representation of the State of California as the "real party in interest" is unique.  It is not – Mack, the first plaintiff to file a PAGA action, also represents the State of California in the first-filed *Rittmann* action (and six other plaintiffs represent the "real party in interest" in each of six other first-filed actions).

*Second*, Hoyt's reliance on the assertion of a Labor Code § 432.5 claim to distinguish his tenth-filed case is misplaced. The first-to-file rule requires the later-filed case to assert *similar* claims, *not identical* claims. In fact, the circumstance here is precisely the reason why mirror-image claims are *not* required – *i.e.*, an enterprising, but belated, plaintiff (like Hoyt) could circumvent the rule simply by tacking on a claim not filed in the first-filed action. The burdens on multiple witnesses and parties and the efficient management of the judicial process by multiple courts do not turn on whether plaintiff in a second- much less tenth-filed action can identify a "new" claim.

*Third*, Hoyt's argument regarding alleged "delay" is misleading (and ironic). Hoyt filed his complaint (January 2019) two years and three months after the filing of *Rittmann* (October 2016). That the *Rittmann* court (and several other courts) awaited the Supreme Court's decisions in *Epic Systems* and *New Prime* before ruling on a motion to compel arbitration certainly did not affect Hoyt's case.  What's more, the *Rittmann* court is poised to rule on that motion, which is fully briefed, and resolve the "question of arbitrability."

In that regard, Hoyt's contention that this "question" is irrelevant to his claim is incorrect. Amazon asked Hoyt to clarify the nature of his PAGA claims before filing the instant motion. Specifically, Amazon informed Hoyt that it also would move to compel arbitration if he sought penalties in the form of unpaid wages for an alleged violation of Labor Code § 558.  The correct result in such a case is to compel arbitration of the disputed violation of § 558 and stay the remainder

1    of the PAGA case. *See Esparza v. KS Industries, L.P.*, 13 Cal. App. 5th 1228 (2017). Hoyt delayed

2    responding until after Amazon filed this motion, and then disclosed that he seeks § 558 penalties.

3    Accordingly, Amazon will move to compel arbitration in the Western District of Washington (if

4    this case is transferred and not dismissed) or in this Court (if the instant motion is denied).

5          Finally, Hoyt's implicit concessions are fatal to his Opposition. He does not dispute that

6    his complaint and the nine first-filed complaints assert the same predicate facts and theory of

7    liability. He does not dispute that he is a member of the putative classes and the putative group of

8    "aggrieved employees" alleged in the earlier filed actions. He does not dispute that the Defendants

9    in this action are identical to those in the prior actions. He cannot dispute that rulings in this Court

10   would duplicate efforts in the first-filed actions, posing a very real risk of inconsistent judgments

11   if this case is not dismissed, stayed or transferred. These concessions leave no room to doubt that

12   the first-to-file rule applies.

13         Accordingly, Amazon respectfully renews its request that the Court (1) dismiss this action

14   in its entirety in consideration of the nine earlier-filed actions, (2) stay this action pending final

15   judgment in the first-filed *Rittmann* action, or (3) transfer this action to the Western District of

16   Washington in consideration of the *Rittmann* action.

17   **II.    ARGUMENT**

18       **A.    Hoyt Does Not Dispute That *Rittmann* And The Other Eight Actions Were
              First-Filed.**
19

20         Hoyt does not dispute that *Rittmann*, *Mack/Lawson*, *Knipe*, *Keller*, *Clinton*, *Luckett*, *Ponce*,

21   *Romero*, and *Ronquillo* were filed before his case, so the first factor of the first-to-file rule is

22   satisfied. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 623, 625-26 (9th Cir. 1991).

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:19-cv-00218

DB2/ 36079916          DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

**B.**   **The Parties And Issues Are Substantially Similar, So The First-To-File Doctrine Applies.**

**1.**   **Because the State of California is Already a Party in *Rittmann*, and Hoyt Is A Member Of The Putative Classes In The First-Filed Actions, There Is Substantial Similarly Between The Parties.**

Hoyt argues that his action involves "different parties" because the State of California is the real party in interest in his case.  Opposition at 7:7-11.  However, Hoyt's status as a representative "private attorney general" for the State of California does not change the conclusion that the parties in his action and the other nine pending actions are substantially similar.

As an initial matter, the State of California – the real party in interest in Hoyt – is already a party in *Rittmann*, as the *Rittmann* consolidated action includes a PAGA claim.  Further, the "exact identity [of parties] is not required to satisfy the first-to-file rule." *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (holding first-filed doctrine applied where resolution of later-filed claims in California would "be intimately intertwined with the factual and legal considerations" underlying related, but not identical, claims pending in New Jersey).

Additionally, like Hoyt, Mack advanced the same argument against transfer – *i.e.*, that California was the real party in interest – with respect to his PAGA-only action.  Judge Birotte found the argument "unpersuasive." *Mack*, Dkt. #25, Defs' RJN Ex. F, at 5.  A plaintiff in a PAGA action brings a claim personally *and* in a representative capacity. *Id.* at 5 n.2.  The plaintiff "represents the same legal right and interest" as the state, and the non-party employees and the government are bound by the judgment. *Id.* (citing *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (Cal. 2009)).  "Thus, because the parties need not be identical, the fact that Plaintiff is also a member of the class in *Rittmann* contributes to the similarity of parties for purposes of the first-to-file rule." *Id.*  The same is true here.

Hoyt also contends that he is "not a party in any other case."  Opposition at 2:16.  However, both this action and each of the other earlier-filed actions were brought on behalf of others, and "the classes, and not the class representatives, are compared" to determine whether there is overlap between them. *Gardner v. GC Servs., LP*, 2010 WL 2721271, at *4 (S.D. Cal. July 6, 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Case No. 3:19-cv-00218

DB2/ 36079916

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

Further, there is no such thing as an independent cause of action under PAGA; every PAGA claim depends, by definition, on the resolution of underlying California Labor Code claims. *See*, *e.g.*, *Wentz v. Taco Bell Corp.*, 2012 WL 6021367, at *5 (E.D. Cal. Dec. 4, 2012) ("The PAGA claim derives from California Labor Code claims. Without them, there is no substantive basis to assert a PAGA claim."). The facts and underlying legal theory alleged in the nine first-filed cases are the same as those alleged here. In fact, Hoyt is encompassed within the putative classes in *Rittmann*, *Knipe*, *Keller*, *Ponce*, and *Ronquillo*, and within the putative group of "aggrieved employees" in *Rittmann*, *Knipe*, *Clinton*, *Luckett*, *Ponce*, *Romero*, and *Ronquillo*. In each case, the putative classes and/or aggrieved employees encompass *all Amazon Flex Delivery Partners in California*.

### 2.   The First-To-File Rule Does Not Require *Rittmann*'s PAGA Claim To Allege Identical Labor Code Violations.

Hoyt argues that his PAGA claim "presents unique concerns and issues that do not overlap with the vast majority of the claims in the other actions," and that "no other action that has been filed has asserted Mr. Hoyt's claim against Amazon under Cal. Labor Code § 432.5," such that his PAGA claim "asserts a unique basis for liability" against Amazon. Opposition at 7:12-20. These contentions distort both the nature of his PAGA claim as well as what is required under the first-to-file rule. Hoyt does not cite a single case holding that a lone theoretical legal difference in the violations asserted – among a panoply of other common ones – is sufficient to render the first-to-file rule inapplicable.

As explained in Amazon's opening brief, Hoyt's Labor Code § 432.5 claim – which alleges that Amazon required Delivery Partners to agree to a purportedly illegal contract term of waiving their right to bring a PAGA action, and of requiring disputes to be litigated in Washington under Washington law – may only be brought by employees, *not* independent contractors. Defs' Memo., Dkt. #16 at 14 n.8. Therefore, a court must resolve whether Amazon misclassified Hoyt, which is the primary legal and factual issue underlying each claim in *Rittmann* and the other eight cases filed before this case. Hoyt's position that a § 432.5 claim bars application of the first-to-file rule is exactly the type of false distinction that the Ninth Circuit's "flexible approach" to the rule seeks to eradicate. *PETA, Inc. v. Beyond the Frame, Ltd.*, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 36079916

4

Case No. 3:19-cv-00218

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

1   (*citing Intersearch Worldwide, Ltd.*, 544 F. Supp. 2d at 959 n. 6). "Indeed, the first-to-file rule does

2   not require identical parties **or issues**, so long as the actions are substantially similar or involve

3   substantial overlap." *Id.* (emphasis added; citation omitted).  This approach prevents parties like

4   Hoyt from gaming the system to pursue duplicative, burdensome litigation.  *Inherent.com v.*

5   *Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) ("The purpose of [the] rule is to

6   promote efficiency and to avoid duplicative litigation and thus it should not be lightly disregarded,"

7   *citing Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  This practical,

8   common sense approach also avoids the potential for conflicting judgments, which is a distinct

9   possibility here given that this Court and the courts in nine earlier-filed actions have been asked to

10  decide the merits of the same misclassification theory brought on behalf of the same contractors.

11  *PETA*, 2011 WL 686158, at *1 ("The doctrine is designed to avoid placing an unnecessary burden

12  on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

13          The authority on which Hoyt relies does not advance his argument.  In *Wilkie v. Gentiva*

14  *Health Services*, Inc., 2010 WL 3703060, at *2-4 (E.D. Cal. Sept. 16, 2010), the court declined to

15  apply the first-to-file rule because (1) the job titles covered by the proposed class in the first-filed

16  lawsuit (*Rindfleisch*) – and thus the scope of the putative class – differed from the job titles in the

17  proposed class in *Wilkie* and (2) *Rindfleisch*, unlike *Wilkie*, did not involve any claims under

18  California law. *Id.* at *4 ("Indeed, no subclass of California litigants, alleging California state law

19  claims, currently exists in the *Rindfleisch* action so there can be no similarity of the parties as to the

20  state classes.").

21          Here, all of the first-filed cases involve California-based Delivery Partners and claims under

22  the California Labor Code and UCL.  In fact, as Hoyt concedes, the operative complaints in each

23  of the other earlier-filed actions seek to bring misclassification-based class and/or PAGA claims on

24  behalf of California Delivery Partners, which includes Hoyt.  Also, all but one of the substantive

25  Labor Code violations alleged in *Hoyt* are also alleged in at least one of the other pending PAGA

26  actions.[1]  Thus, none of the facts warranting the rejection of the first-to-file rule in *Wilkie* is present.

27

28
_____
[1] As discussed in Amazon's opening brief, aside from the Labor Code § 432.5 claim that Hoyt
highlights as being distinctive, each of his other claims are substantively contained in at least one
of the other PAGA litigations.  While the other litigations do not include a claim for PAGA

1    Further, Hoyt cites no case law holding that a later-filed PAGA action is not "substantially similar"

2    within the meaning of the first-to-file rule where the first- and later-filed actions share the same

3    facts and theory of liability, but the later-filed action seeks a remedy under a different Labor Code

4    provision.

5              **3.     Hoyt Cannot Distinguish Judge Birotte's Decision In *Mack/Lawson*.**

6              Hoyt argues that Judge Birotte's decision to transfer *Mack/Lawson* to the Western District

7    of Washington on the basis of the first-to-file rule is not persuasive.  Opposition 8:1-13.  To support

8    his misreading of Judge Birotte's decision, however, Hoyt disregards the plain facts of

9    *Mack/Lawson* and this case.  Hoyt cannot deny that the parties are essentially the same.  *Mack*, Dkt.

10   #25, Defs' RJN Ex. F, at 5.  Hoyt and Mack both purport to represent the State of California and

11   both are members of the putative class of California Delivery Partners in *Rittmann*.  *Id.*  Hoyt,

12   however, also is a member of the putative group of allegedly aggrieved employees in *Mack*.  While

13   it is true that *Lawson* originally filed non-PAGA claims in *Rittmann*, Judge Birotte's decision in

14   *Mack* hardly turned on that fact. Instead, the court rejected the primary arguments advanced by

15   Hoyt here, and held:

16            Despite Plaintiff's concerns, there is no reason to believe that the PAGA claim will
               be "lost" if it were to be asserted in *Rittmann*. This is especially true considering the
17            number of overlapping issues that exist between the PAGA claims and the other
               California claims asserted in *Rittmann*.
18                                              . . .

19            Moreover, the interests of judicial efficiency and preventing duplicative litigation
               weigh in favor of transfer. Because both claims involve the determination of whether
20            violations occurred under the California Labor Code for the same set of individuals,
               conflicting judgments are a distinct possibility. Therefore, because there is a
21            substantial similarity of parties and issues, no undue prejudice to Plaintiff, and a
               possibility of inconsistent determinations, the Court finds it appropriate to apply the
22            first-to-file rule in this case.

23   *See id.* at 9:4-25 (citations omitted). As noted by Judge Birotte, the threshold issue is the same:

24   "Both cases will require the court to determine whether Amazon misclassified delivery drivers as

25   independent contractors…." *Id.* at 11:1-2.  Significantly, Hoyt does not dispute that this is true.  As

26   in *Rittmann*, Hoyt seeks redress in connection with alleged misclassification that he claims resulted

27   _____

28   penalties pursuant to Labor Code § 226.3, they do contain claims for "default" PAGA penalties for
     violation of the exact same Labor Code provision governing wage statements – § 226(a).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 36079916                                    6                           Case No. 3:19-cv-00218
                    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

in overtime, wage statement, and business expense violations, and these claims are alleged against the same defendants.

### 4.    Hoyt's Equitable Arguments Are Without Legal or Factual Basis

Having no sound grounds under controlling law, Hoyt resorts to vague notions of "equity and fairness," arguing that it would be unfair and prejudicial to the State of California and California Delivery Partners if his case is not permitted to proceed, as the other earlier-filed cases "may be subject to a lengthy or indefinite delay." Opposition at 11:25-12:28. This last resort argument should fail for multiple reasons.

*First*, Hoyt offers little support for his conclusory assertion that Hoyt, the State of California, and the putative aggrieved employees Hoyt seeks to represent will in fact suffer prejudice. For instance, Hoyt asserts that the parties in *Rittmann* "have just begun to engage in briefing regarding its application to the class action waiver in Amazon's arbitration agreement, which is likely to bring about further lengthy delays because the *Rittmann* action includes purported class claims." Opposition at 6:11-14. On the contrary, a motion to dismiss or, in the alternative, to compel arbitration has already been fully briefed in *Rittmann*, *see* Case No. 2:16-cv-01554-JCC, and the parties expect a timely decision to be issued. Because the court in *Rittmann* is close to resolving the one overarching issue that led to the earlier stay, it is simply inaccurate to imply that no material progress has been made in *Rittmann* towards resolution of the plaintiffs' claims.

Hoyt also claims that his PAGA claim is "undisputably *not* subject to the class action waiver in Amazon's arbitration agreements," that "unlike the claims in the other cases, the class action waiver in Amazon's arbitration agreement will not, and cannot, have any effect on Mr. Hoyt's claim," that "Amazon's class action waiver has no application because Plaintiff Hoyt has brought no class claims, and the waiver cannot bar representative claims under PAGA," and that "it makes no sense to delay this case . . . when the PAGA claims in this case do not depend on *Rittmann* or any other previously filed action." Opposition at 2:8, 2:17-18, 6:14-18.[2] These statements are equally misleading.

---

[2] Amazon acknowledges that under the current state of the case law, PAGA claims cannot generally be arbitrated (if wages are not being sought). Amazon does not concede, however, that this law is correct and it reserves the right to challenge this law at an appropriate time.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

One week before Amazon filed its opening brief for the instant motion, Amazon's counsel asked Hoyt's counsel to clarify whether Hoyt intends to pursue a claim for unpaid wages under Labor Code § 558 as part of this action, as such a claim for individual, victim-specific relief under section 558 would be arbitrable under *Esparza v. KS Industries, L.P.*, 13 Cal. App. 5th 1228 (2017).  Unfortunately, Amazon's counsel did not receive a response from Hoyt's counsel until the week *after* Amazon filed its opening brief, when Hoyt's counsel advised that Hoyt was seeking such relief, but did not believe that claim was arbitrable.  As such, Amazon will soon bring a motion to compel individual arbitration of Hoyt's Labor Code § 558 claim, and to stay the remainder of his PAGA claims pending the resolution of the arbitrable claims.  A similar motion is currently pending in *Luckett*.

*Second*, even assuming that Hoyt's enumerated considerations of equity are at play, the case law that Hoyt offers is inapposite, and consists of examples based on unique and distinguishable circumstances.  In *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1150 (E.D. Cal. 2010), the court made an exception to the first-to-file rule where the plaintiff advanced a very different theory of FLSA liability for unpaid overtime than that asserted in the first-filed action, and further sought relief under California state law, which required entirely different calculations for overtime compensation.  Based on the request for state law relief that was not present in the first-filed action, the court concluded that "judicial resources will not be significantly conserved."  *Id.*  Here, there is no material variation between Hoyt's theory of liability and those set forth in the nine earlier-filed actions: each action asserts misclassification and various Labor Code violations stemming from alleged misclassification, and each action requests relief under California state law.  Hoyt also again relies on *Wilkie* here, but as explained in Section II.B.2 above, the court's rejection of the first-to-file rule in *Wilkie* similarly hinged on circumstances that are not applicable here.  Also, unlike the court in *Adoma*, the court in *Wilkie* did not rely on equities as a reason to make an exception to the first-to-file rule.  Rather, it found that the elements of the first-to-file rule were not satisfied due to the dissimilarity of the parties and issues.

Importantly, the courts in both *Adoma* and *Wilkie* also found that applying the first-to-file rule would be prejudicial for the plaintiffs represented in the second-filed action because an FLSA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 36079916

8

Case No. 3:19-cv-00218

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

1   claim was at issue in both the first-filed and second-filed actions.  Unlike a putative class action or

2   PAGA representative action where the statute of limitations is tolled while the plaintiff seeks class

3   certification or otherwise proceeds with the representative action, the statute of limitations for an

4   FLSA claim runs until a plaintiff opts in.  Thus, in both cases, the court was concerned that a delay

5   in certification of the class – as caused by the first-filed action – could result in some collective

6   members losing their claims.  This concern is inapplicable here because the statute of limitations

7   for Hoyt's PAGA claim has already been tolled upon the filing of his action, and the statute of

8   limitations for the other nine substantially similar actions was were also tolled upon the filing of

9   each of those actions.

10        Finally, Hoyt's arguments regarding equity ignore the considerations of equity that are

11  already inherent in the first-to-file rule: that judicial efficiency is increased and the risk of

12  conflicting judgments is decreased when the first-filed action proceeds first.  *See, e.g.*, *Kohn Law*

13  *Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240, 2015 BL 176099, 3 (9th Cir. 2015)

14  (explaining that the policy of the first-to-file rule is to "maximize judicial economy, consistency,

15  and comity").  Hoyt cites no case law holding that a later-filed action may leap-frog another (much

16  less nine) earlier-filed actions because a single claim is different (particularly where the claim

17  depends on the resolution of the legal theory underpinning all ten cases).

18  **C.    Courts Routinely Stay PAGA Claims Pending Resolution Of Underlying**
       **California Labor Code Claims.**

19

20        Hoyt contends that his PAGA case should not be stayed while underlying Labor Code

21  claims are litigated in a class action forum.  Opposition at 11:6-7.  This argument fails because it is

22  factually incorrect.  As a result of the consolidation of *Rittmann* with *Mack/Lawson*, PAGA claims

23  will be decided in the Western District of Washington.

24        Moreover, each of the cases on which Hoyt relies is distinguishable.  For instance, in

25  *Komarnicki v. LinkUs Enterprises, LLC*, 2017 WL 3284434 (E.D. Cal. Aug. 2, 2017), the first-filed

26  case was a putative class action filed in Humboldt County Superior Court that did not contain a

27  PAGA claim or allegations of joint employer liability, both of which were present in the second-

28  filed action removed to federal court.  The court's decision turned on application of the "narrow

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 3:19-cv-00218

*Colorado River* doctrine." *Id.* at *4.  Here, there are PAGA claims in *Rittmann* and both actions are in federal court, so *Colorado River* does not apply.  Moreover, whereas the first-to-file rule does not require complete identity of the claims and the parties, the *Colorado River* doctrine does.  *Id.* at *4.  *Komarnicki* is simply inapposite.

Hoyt similarly relies on *Winfrey v. Kmart Corporation*, 692 Fed. App'x. 356 (9th Cir. 2017), a one-page, unpublished decision that is not precedential authority.  *Winfrey* contains no recitation of the underlying facts, does not involve the first-to-file rule, and was appealed after the district court decided a motion to compel arbitration of the plaintiff's claims, a procedural posture not present here.  Moreover, the court observed that "the district court had discretion to decide whether 'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it[.]'" *Id.* at 357 (citation omitted).  The district court did not elaborate on either efficiency or fairness in its decision, *see Winfrey v. Kmart Corp.*, No. 15-01873-VAP, 2016 WL 6666810, at *3 (C.D. Cal. Jan. 6, 2016).  Here, by contrast, Amazon has demonstrated that both factors counsel in favor of a stay in this case. *See* Defs' Memo., Dkt. #16 at 8-15.  Hoyt's primary (and entirely speculative) rebuttal is that a stay would be prejudicial to the State of California and California Amazon drivers because "the PAGA claim is likely to get lost and delayed among the numerous other legal issues at play."  Opposition at 6:6-7:4.  But, as discussed in Section II.B.3, Judge Birotte has already rejected similar reasoning.  *See Mack,* Dkt. # 25, Defs' RJN Ex. F.

Hoyt also cites *Haugh v. Barrett Bus. Servs., Inc.*, No 16-02121, 2017 WL 945113, at *2 (E.D. Cal. Mar. 1, 2017), for the general proposition that whether a court stays PAGA claims depends on the extent and degree to which the defendant's alleged conduct affects a class of people and any need the class may have for prompt relief.  Here, however, Amazon is not arguing for an automatic stay, and has detailed many reasons why a stay would be appropriate.  Further, the court in *Haugh* provided no further elaboration as to the specific circumstances under which the court would refuse to grant a stay.  Instead, with respect to the facts of that case, the court dismissed the plaintiffs' PAGA claim and noted that, even were plaintiff to re-file, the court *would likely stay* the claim pending resolution of plaintiffs' underlying claims under the California Labor Code.

Hoyt additionally relies on *Whitworth, et al. v. SolarCity Corp.*, No. 16-01540, 2017 WL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10                                      Case No. 3:19-cv-00218
DB2/ 36079916         DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

2081155, *4 (N.D. Cal. May 15, 2017). However, there, the court held that both the plaintiffs' PAGA claim and the underlying Labor Code claims would proceed in the same court action and, consequently, that decision did *not* address the issue presented here: whether a party should be permitted to engage in essentially piecemeal litigation by advancing a PAGA claim in one forum when other earlier-filed PAGA and class claims for similar underlying alleged violations are pending in another forum.

In contrast to the inapposite decisions on which Hoyt relies, courts in the Ninth Circuit consistently stay PAGA claims for reasons of convenience, judicial economy and to avoid the risk on inconsistent judgments where, as here, the underlying facts, issues and alleged Labor Code violations are litigated or arbitrated in another forum. *See*, *e.g.*, *Shepardson v. Adecco USA, Inc.*, 2016 WL 1322994, at *6 (N.D. Cal. Apr. 5, 2016) (staying PAGA claim pending arbitration of underlying claims); *Bates v. Morgan Stanley Smith Barney LLC*, 2010 WL 3341819, at *6 (E.D. Cal. Aug. 25, 2010) (staying PAGA claim pending resolution of related claims in different forum); *Franco v. Arakelian Enterprises, Inc.*, 234 Cal. App. 4th 947, 966 (2015), *as modified* (Mar. 11, 2015) (ordering PAGA claims stayed pending arbitration of underlying labor code claims "[b]ecause the issues subject to litigation under PAGA might overlap those that are subject to arbitration of [the plaintiff's] individual claims").

Each of these decisions supports Amazon's position: permitting Hoyt's duplicative, follow-on PAGA action to proceed notwithstanding his status as a member of the putative and representative classes alleged in several prior actions that assert the same facts and underlying theory of liability "is piecemeal litigation," which supports issuance of a stay. *Wentz*, 2012 WL 6021367, at *5.

### D.    Hoyt's § 1404(a) Venue Arguments Are Unavailing.

Hoyt argues that it would not be more convenient and serve the interests of justice to transfer his PAGA claim to the Western District of Washington. Opposition at 9:9-10. However, he fails to adequately explain why that would be. As noted above, several California Delivery Partners are litigating their claims against Amazon in the Western District of Washington – and chose voluntarily to do so. Hoyt offers no specific facts for his further assumption that litigating in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Case No. 3:19-cv-00218

DB2/ 36079916

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

1   District is convenient for Amazon simply because it regularly conducts business in California.  He

2   further admits that the PAGA claim could have been brought in the Western District of Washington,

3   and that the location of Amazon's counsel is irrelevant in the venue transfer analysis.  *Id.* at 9:8-9,

4   9:25-10:3.

5       In contrast, Amazon's motion demonstrated that transfer to the Western District of

6   Washington was appropriate because Amazon's principal place of business is located in the district,

7   transfer would eliminate duplicative discovery, conserve judicial resources, and ameliorate the

8   prejudice to Amazon of defending substantially similar claims in separate venues, and the *Rittmann*

9   litigation before Judge Coughenour is more advanced.  *See King-Scott v. Univ. Med. Pharm. Corp.*,

10   2010 WL 1815431, at *1-2 (S.D. Cal. May 6, 2010).  Hoyt does not dispute any of these facts, but

11   only argues that the *Rittmann* case is not as advanced as it could be given the recently-lifted stay

12   and pending motion practice with respect to issues of arbitration.  Opposition at 10:12-24.  Hoyt

13   does not dispute, however, that the *Rittmann* case is more advanced than the instant action, or that

14   Judge Coughenour is in fact familiar with the claims that form the basis of this action.

15       Further, while Hoyt argues that a plaintiff's choice of forum should not, or should rarely,

16   be disturbed, Opposition at 9:4-5, Hoyt's choice of forum is not entitled to deference where

17   "substantial judicial resources will be saved and the fear of inconsistent outcomes will be abated

18   by transferring venue."  *King-Scott*, 2010 WL 1815431, at *2.  Further, a plaintiff's choice of venue

19   is entitled to far less deference in class and representative actions, as discovery in such actions often

20   focuses on the defendant's documents and witnesses, and therefore often point to the district where

21   the defendant's central corporate offices are located.  *See, e.g.*, *Sarinana v. DS Waters of Am., Inc.*,

22   2013 WL 3456687, at *2 (N.D. Cal. July 9, 2013) (explaining that "the weight accorded to the

23   plaintiff's choice [of venue] is decreased in cases where the action is brought as a class action").

24   Moreover, "a plaintiff's choice is also given less deference when the plaintiff resides outside of the

25   chosen forum," as is the case here.  *Brown v. Abercrombie & Fitch Co.*, 2014 WL 715082, at *3

26   (N.D.Cal. Feb. 14, 2014).  Accordingly, transfer under 28 U.S.C. § 1404(a) is appropriate.

27   ///

28   ///

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

DB2/ 36079916

12

Case No. 3:19-cv-00218

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY

1

**III.    CONCLUSION**

For all of the foregoing reasons, Amazon requests that the Court dismiss this action, stay it,

or transfer it to the Western District of Washington.

DATED:  March 13, 2019                                    MORGAN, LEWIS & BOCKIUS LLP


By   */s/ Brian D. Fahy*
_____
John S. Battenfeld
Brian D. Fahy
Linda Z. Shen
Amy A. McGeever

Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON LOGISTICS, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 36079916

13

Case No. 3:19-cv-00218

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER, DISMISS OR STAY